C. L: ANDERSON, ADMINISTRATOR OF THOMAS G. ANDERSON, DECEASED, v. LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE.

(Filed 17 April, 1929.)

**1. Insurance E b—Construction of insurance contract in general.**

The rule that a liberal construction of ambiguous language will be given in favor of the insured has no application when the words employed clearly express the terms upon which the policy has .been issued.

**2. Insurance R a—Construction of policy of accident insurance as to risks covered.**

Where a policy of accident insurance indemnifies first against injury to the insured while a pedestrian in connection with being struck down by certain classes of motor-driven vehicles, and second, against accident from a collision while riding in certain classes of motor-driven cars, the qualifying terms of each class will be applied to the risks of its particular class, and will not be construed together so as to make the risks of one class of such vehicles or cars apply to an injury covered by the other.

**3. Same—Motorcycles.**

A policy insuring a person against accident by collision while riding or driving in any horse-drawn vehicle or motor-driven car by interpretation clearly excludes an accident occurring while the insured was riding on a motorcycle, a car by usual significance being an automobile, affording greater security to the one riding therein than a motorcycle.

**4. Same.**

A motorcycle is a motor vehicle designed to travel on not more than three wheels in contact with the ground as distinguished from a motor car which has four wheels, and a body within which a person rides, affording greater safety.

APPEAL by plaintiff from *Lyon, Emergency Judge,* at September Term, 1928, of FORSYTH. Affirmed.

On 14 September, 1926, the defendant issued to the plaintiff's intestate a "Travel and Pedestrian Policy." The insuring clauses limit the extent of the insurance as follows:

"Life and Casualty Insurance Company, of Tennessee, hereby insures the person named in said schedule against the result of bodily injuries received during the time this policy is in force, and effected solely by external violent and accidental means strictly in the manner hereafter stated, subject to all the provisions and limitations hereinafter contained, as follows: If the insured be struck or knocked down or run over while walking or standing on a public highway by a vehicle propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air, or liquid power, excluding injuries sustained while on a railroad right of way in violation of any statute or of any regulation of the railroad company, or if the insured shall, by the collision of or by any accident to any railroad passenger car or passenger steamship or steamboat, in or on which such insured is traveling as a fare-paying passenger; or, by the collision of or by any accident to any public omnibus, street railway car, taxicab, or automobile stage, which is being driven or operated, at the time, by a licensed driver plying for public hire, and in which such insured is traveling as a fare-paying passenger; or, by the wrecking of a passenger elevator in which the insured is riding as a passenger; or, by the collision of or by any accident to any private horse-drawn vehicle, or motor-driven car in which insured is riding or driving; or, if the insured shall, by being accidentally thrown from any such vehicle or car, suffer any of the specific losses set forth below, the company will pay the sum set opposite such loss." The case was tried in the Forsyth County Court and judgment of nonsuit was rendered, and on appeal to the Superior Court the judgment of the county court was affirmed.

*J. M. Wells, Jr., and John C. Wallace for plaintiff.*
*Manly, Hendren & Womble for defendant.*

ADAMS, J. The insured was a motorcycle officer in the police department of the city of Winston-Salem, and on 11 August, 1927, while riding on his motorcycle he was injured by its collision with a truck. The injuries he received caused his death on 15 August, 1927. The motorcycle was the ordinary two-wheel machine propelled by gasoline. The question for decision is whether a motorcycle is within the clause, "motor-driven car in which insured is riding or driving."

The appellant contends that the words "any such vehicle or car," near the end of the last insuring clause, embrace all the vehicles described in the clause relating to pedestrians. This instruction, we think, is not permissible. There are two classes of persons for whose benefit the policy was intended: pedestrians, or persons "walking or standing on a public highway," and travelers riding or driving in specified vehicles or cars. These two classes are clearly defined. The intestate was insured against the result of bodily injuries caused, while he was walking or standing on a public highway, by being struck or knocked down, or run over by a vehicle propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air or liquid power. Persons driving or riding in motor-driven cars are not included in this category. The bodily injuries against which they are insured are injuries caused them in the manner described while they are driving or riding a vehicle used in ordinary travel. As the two classes are separate and distinct, the phrase "any such vehicle or car," which clearly refers to vehicles and cars of the latter class, cannot reasonably be said to include the vehicles described in the former class. *Noscitur a sociis*—the meaning of a doubtful word may be ascertained by reference to the meaning of words associated with it.

Is a motorcycle a motor-driven car? The question, on which we have no direct decision, has been determined by other courts adversely to the contention of the appellant. The clause under consideration—"motor-driven car in which the insured is riding or driving"—was construed by the Court of Errors and Appeals of New Jersey in *Perry v. North American Acc. Ins. Co.*, 138 At., 894. There it was said: "Our examination of the provision of the policy sued on bearing on the present controversy has led us to the conclusion that the correct interpretation of the terms of the policy excludes a motorcycle from the class of a motor-driven car. There is no ambiguity in the language of the policy. The principle of law that when an ambiguity exists the policy should be liberally construed against the company and in favor of the insured has no application. The ordinary and usual meaning of the words must be sought and given to them. Where the words are used to express the meaning of the party using them, the court will not adopt a strained and improbable construction. *Bew v. Traveler's Insurance Co.*, 95 N. J.

Law, 533, 112 A. 859, 14 A. L. R., 983. The policy uses the phrases "horse-drawn vehicles" and "motor-driven cars." A motorcycle is a vehicle. If motorcycles were intended to be included, the draftsman of the policy would have used the words "motor-driven vehicles." After using the word "vehicle" in the phrase "horse-drawn vehicles," it would seem that the use of the phrase "motor-driven car" immediately afterward is significant and indicates a purpose to exclude such a vehicle as a motorcycle from the provisions of the policy. One riding on a motorcycle is more exposed to accidents than one riding in a motor-driven car. A car stands upright on four wheels whether in operation or stopped. It is protected by bumpers in front and rear. It has a body in which the passengers sit which protects them in some measure from the perils of the highway. One riding on a motorcycle cannot keep it in equilibrium when not in operation. When stopped he must get off or place his feet, or one foot, upon the ground. A motorcycle has no front or rear protection in the form of fenders or bumpers. It has no body for the protection of the rider. A rider is therefore more exposed to the dangers incident to congested traffic. For these reasons, which make the risk of riding on a motorcycle greater than that of riding in a motor-driven car, we think the rider on a motorcycle was intentionally excluded from the provisions of the policy by the use of the language employed. The use of the preposition "in," in the clause of the policy reading "or motor-driven car in which insured is riding or driving" is also significant. One riding on a motorcycle is not referred to as riding "in" a motorcycle, but "on" a motorcycle. A passenger or one driving a car is not usually referred to as riding "on" a car but "in" a car. Where a policy uses the words "or motor-driven car in which the insured is riding or driving," it is for the purpose of limiting the insurer's liability. The reason is the one we have indicated, the greater safety of the insured "in" a car. This distinction has been recognized in a number of cases."

In *Salo v. North American Acc. Ins. Co.,* 153 N. E., 557, the Supreme Judicial Court of Massachusetts observed: "The word 'car' is ordinarily used in speaking of an automobile. It is a common expression describing an automobile. It is a matter of common knowledge that in ordinary conversation a motorcycle is not referred to as a car, but is spoken of as a motorcycle. The difference in the mechanical construction of automobiles and motorcycles does not indicate that a common designation would naturally apply to both. A motorcycle having ordinarily two wheels is a machine more in the nature of a bicycle equipped with motor power."

The same result, based upon similar reasoning, was announced by the Louisiana Supreme Court in *LaPorte v. North American Acc. Ins. Co.,* 161 La., 933, 48 A. L. R., 1096.

Our statute defines motorcycle as a motor vehicle designed to travel on not more than three wheels in contact with the ground except any such vehicle as may be included in the term "tractor," as defined in the same statute. P. L. 1927, ch. 148, sec. 1(c). There is nothing in our law which is inconsistent with the cited authorities, and we see no reason why they should not be regarded as conclusive on the question here presented. The judgment is

Affirmed.