STATE OF NORTH CAROLINA, EX REL. COMMISSIONER OF IN-SURANCE, Appellee v. NORTH CAROLINA AUTOMOBILE RATE ADMINISTRATIVE OFFICE, NATIONWIDE MUTUAL INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, THE AETNA CASUALTY AND SURETY COMPANY, HARTFORD ACCIDENT AND INDEMNITY COMPANY, GREAT AMERICAN INSURANCE COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, LUMBERMENS MUTUAL CASUALTY COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, MARY-LAND CASUALTY COMPANY, UNITED STATES FIRE INSUR-ANCE COMPANY, AMERICAN MOTORISTS INSURANCE COMPANY, AMERICAN MUTUAL LIABILITY INSURANCE COM-PANY, MIDWEST MUTUAL INSURANCE COMPANY, UNIVER-SAL UNDERWRITERS INSURANCE COMPANY AND BALBOA INSURANCE COMPANY, Appellants

No. 7410INS727

(Filed 18 December 1974)

1. Insurance § 1— Commissioner of Insurance — authority to regulate premium rates

The Commissioner of Insurance has no authority to prescribe or regulate premium rates except insofar as that authority has been conferred upon him by statute.

2. Insurance § 79.1— automobile liability insurance — applicability to motorcycles

As used in Article 25 of G.S. Chap. 58, the term "automobile" liability insurance includes "motorcycle" liability insurance.

**3. Insurance § 79.1— motorcycle liability insurance — order eliminating classifications**

The Commissioner of Insurance exceeded his authority in eliminating classifications for motorcycle liability insurance rates and fixing a flat premium rate for all motorcycle liability insurance where he made no finding that all drivers of motorcycles constitute a reasonably homogeneous group sharing essentially the same hazard for liability insurance regardless of their age, sex or any other criteria, and regardless of the size, weight or power of such vehicle. G.S. 58-248.9.

**4. Insurance § 1— findings by Commissioner — supporting evidence — no reason to believe fact not true**

A finding by the Commissioner of Insurance that a fact is true because there is no reason to believe it is not true is not supported by "material and substantial evidence" as required by G.S. 58-9.6(b)(5).

APPEAL by the North Carolina Automobile Rate Administrative Office and certain member companies of that Office from order and supplementary order of the Commissioner of Insurance dated 1 May 1974.

This proceeding involves the fixing of premium rates and classifications for bodily injury and property damage liability insurance covering motorcycles, motor scooters, motorbikes, and other similar motor vehicles not used for commercial purposes, all of which vehicles are hereinafter referred to simply as "motorcycles." For many years in this State the premium rates for liability insurance on motorcycles have been determined by relating them directly to the rates from time to time fixed for liability insurance covering private passenger automobiles. Since 1964 motorcycles with an unladen weight not in excess of 300 pounds have been rated at 50% of the applicable private passenger automobile rate and motorcycles with an unladen weight in excess of 300 pounds have been rated at the same rate applicable to private passenger automobiles. All other rating classifications applicable to private passenger automobiles, such as vehicle use, whether or not driven to and from school or work, and age and marital status of operator, have been equally applicable to motorcycles.

On 7 May 1970 the North Carolina Automobile Rate Administrative Office filed with the Commissioner of Insurance a proposed revised classification and rating procedure for motorcycle liability insurance. Under this proposal motorcycle liability insurance rates would remain keyed to Class 1A private passenger automobile liability insurance rates, but motorcycles would

be classified by reference to engine size rather than by reference to weight and there would be a further differential in rates depending upon whether the operator was under age thirty. A public hearing on the Rate Office's proposal was held before Commissioner of Insurance Lanier on 23 July 1970, but no further action on the matter was taken by Commissioner Lanier prior to the expiration of his term of office.

On 25 January 1974 Commissioner of Insurance Ingram issued a notice that, among other matters, a public hearing would be held on the 7 May 1970 proposal filed by the Rate Office. After hearings held pursuant to this notice, the Commissioner on 1 May 1974 issued an order making findings of fact and conclusions of law on the basis of which the Commissioner (1) terminated the existing classification system for motorcycle liability insurance (except for the provisions of the Safe Driver Reward Plan), (2) rejected the Rate Office's 7 May 1970 proposal, and (3) fixed a flat premium rate of $27.00 for all motorcycle liability insurance providing specified limits of coverage, with rates for limits in excess thereof to be adjusted in accordance with the approved Increased Limits Table. By supplementary order, also dated 1 May 1974, the Commissioner made the foregoing order applicable (1) to every policy or renewal policy of motorcycle liability insurance issued on and after 9 May 1974 if requested by the insured and (2) to every such policy bearing an initial or renewal effective date of 15 June 1974 or thereafter. These orders are the subject of this appeal.

*Attorney General Carson by Assistant Attorney General Charles A. Lloyd and Staff Attorney of the N. C. Department of Insurance Isham B. Hudson, Jr. for the Commissioner of Insurance, appellee.*

*Allen, Steed & Pullen by Arch T. Allen and Lucius W. Pullen; Broughton, Broughton, McConnell & Boxley by J. Melville Broughton, Jr.; Sanford, Cannon, Adams & McCullough by J. Allen Adams; Young, Moore & Henderson by R. Michael Strickland; Bailey, Dixon, Wooten, McDonald & Fountain by Wright T. Dixon, Jr. for appellants.*

PARKER, Judge.

[1, 2]  The Commissioner of Insurance has no authority to prescribe or regulate premium rates except insofar as that authority has been conferred upon him by statute. *In re Filing by Automo-*

*bile Rate Office*, 278 N.C. 302, 180 S.E. 2d 155 (1971) ; *In re Filing by Fire Ins. Rating Bureau*, 275 N.C. 15, 165 S.E. 2d 207 (1969). Such authority as the Commissioner has with respect to motorcycle liability insurance rates is contained in Article 25 of G.S. Chap. 58, which also provides for the creation and prescribes the functions of the North Carolina Automobile Rate Administrative Office. The word "motorcycle" does not appear in Article 25 of G.S. Chap. 58, but the statutes in that Article use the words "automobile" and "motor vehicles which are private passenger vehicles" and "private passenger vehicles" interchangeably, and although none of these terms are further defined in G.S. Chap. 58, we hold that "automobile" liability insurance includes "motorcycle" liability insurance and that the same laws apply to both.

[3] In *Comr. of Insurance v. Automobile Rate Office*, 23 N.C. App. 475, 209 S.E. 2d 411 (1974), this Court held that the Commissioner of Insurance exceeded the authority delegated to him by the Legislature by ordering the establishment of a premium rate classification plan for private passenger automobile liability insurance not based in whole or in part on the age and sex of the drivers. In the order appealed from in the present case the Commissioner has not only undertaken to eliminate age and sex of the drivers as a basis for classification, but he has gone further and has undertaken to eliminate all classifications insofar as motorcycle liability insurance rates are concerned. If the liability insurance applies to a "motorcycle," "motor scooter," "motorbike," or "other similar motor vehicle," descriptive words not otherwise defined, then under the order appealed from all other classification criteria are abolished and the same premium rate is made applicable to each policy regardless of the size, weight, or horsepower of the vehicle, its use, or the age, sex, or marital status of the driver. G.S. 58-246 (1) makes it the duty of the North Carolina Automobile Rate Administrative Office in the first instance to "fix rates for automobile bodily injury and property damage insurance *and equitably adjust the same as far as practicable in accordance with the hazard of the different classes of risks as established by said bureau.*" (Emphasis added.) This is an express legislative mandate to establish classifications for premium rate purposes "as far as practicable in accordance with the hazard of the different classes of risks." The legislative mandate to make equitable rate classifications was further strengthened and made directly applicable to the Commissioner of Insurance by enactment of

Chap. 908 of the 1971 Session Laws, now codified as G.S. 58-248.9. The order appealed from contains no finding that all drivers, regardless of their age, sex, or any other criteria, of "motorcycles, motor scooters, motorbikes and other similar motor vehicles not used for commercial purposes," regardless of the size, weight, or power of such vehicles, constitute a reasonably homogenous group sharing essentially the same hazard for liability insurance purposes. Had there been such a finding based upon substantial evidence, it is possible that the order here appealed from, insofar as it creates such a single classification, might be sustained as sufficiently complying with the legislative mandate to establish classifications for premium rate purposes "as far as practicable in accordance with the hazard of the different classes of risks." That question we need not presently decide, since in the absence of such a finding it is clear that the Commissioner of Insurance exceeded the authority delegated to him by the Legislature.

[4] In other respects also the orders appealed from cannot be sustained. Certain of the findings upon which the orders purport to be based are "[u]nsupported by material and substantial evidence in view of the entire record . . . " as required by G.S. 58-9.6(b)(5). In some instances factual findings were made on the basis that the Commissioner found "no reason to believe" otherwise. For example, Findings of Fact 10, 12 and 13 contain the following:

> 10. " . . . There is no reason to believe that assigned risk loss experience is better or worse than voluntary experience for motorcycle liability insurance."

> 12. " . . . There is no reason to believe that average claim costs for motorcycle bodily injury liability claims and property damage liability claims would have trended differently [from automobile liability claims] during the period and for the purposes of this Decision and Order I find this trend to be correct to project losses during and after the aforesaid period."

> 13. "[T]here is no reason to believe that the pure premium developed would be substantially different if only 10/20 BI and 5 PD limits premium and experience were reported [rather than total limits of earned premium and total limit incurred losses] and I find the pure premium to be correct in regard to 10/20 bodily injury and 5 PD limits premiums and losses."

A finding that a fact is true because the fact-finder finds no reason to believe it is not true is certainly not supported by "material and substantial evidence."

Considering the entire record, we find no material and substantial evidence to support the decision of the Commissioner to eliminate completely the existing motorcycle liability insurance plan, which has been in effect in this State for many years. Furthermore, as above pointed out the Commissioner exceeded his delegated statutory authority in attempting to adopt in its place a one-class plan for all motorcycle operators.

For the reasons stated, the orders of the Commissioner of Insurance which are the subject of this appeal are

Reversed and vacated.

Judges CAMPBELL and VAUGHN concur.