MAXWELL B. HUNTER v. MICHIGAN MUTUAL LIABILITY COMPANY, LUMBERMENS MUTUAL INSURANCE COMPANY AND DOUGLAS C. TAYLOR

No. 7826SC710

(Filed 5 June 1979)

Insurance § 85— automobile liability insurance—non-owned automobile—motorcycle not included

   Liability insurance policies covering a truck and automobile owned by the insured do not provide excess coverage under the "non-owned automobile"

clause to the insured with respect to claims arising out of a motorcycle accident.

APPEAL by defendants Michigan Mutual Liability Company and Lumbermens Mutual Insurance Company from *Smith (David I.), Judge.* Judgment entered 9 June 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 25 April 1979.

This is an action for declaratory judgment to determine an issue of insurance coverage. On 28 June 1975, Maxwell Hunter was operating a 1974 Kawasaki motorcycle, owned by Ira Case, with the owner's consent. Douglas Taylor was riding the motorcycle as a passenger and was injured when the motorcycle ran off the road. Taylor instituted a civil action against Hunter for his injuries. On the day of the accident Case had a liability policy on the motorcycle with Shelby Mutual Insurance Company, with $15,000 liability coverage per person. On the same day Hunter had an automobile liability insurance policy with Michigan Mutual Liability Company insuring a 1971 Chevrolet truck that he owned and he also had an automobile liability insurance policy with Lumbermens Mutual Insurance Company insuring a 1969 Chevrolet automobile owned by him. Hunter instituted the present declaratory action asserting that the motorcycle was a "non-owned automobile" within the terms of his policies with Michigan and Lumbermens and therefore those policies should provide him excess liability coverage above the $15,000 primary liability coverage on the Shelby Mutual policy.

Both Michigan and Lumbermens moved to dismiss the complaint for failure to state a claim. A hearing was held on those motions and the judge found facts and entered judgment as follows:

1. On June 28, 1975 Plaintiff, Maxwell B. Hunter, was operating a 1974 Kawasaki motorcycle identification no. S3E-09102S3F-08962 bearing 1975 N.C. License No. 122142 owned by and registered in the name of Ira Ernest Case, by and with the consent of Ira Ernest Case. On said occasion Defendant Douglas C. Taylor was riding as a passenger on the motorcycle when said motorcycle ran off the roadway and turned over, injuring Defendant Douglas C. Taylor.

2. On August 4, 1977 Douglas C. Taylor filed suit in the Superior Court of Mecklenburg County (No. 77-CVS-6113) against Maxwell B. Hunter praying for $300,000.00 in total, compensatory damages for injuries, past, present, and future, including medical expenses, pain and suffering in body and mind, lost earnings, permanent disability and scarring.

3. On June 28, 1975, Ira Ernest Case had in force a liability policy No. 32-116-A00622 issued by Shelby Mutual Insurance Company of Shelby, Ohio, with $15,000.00 liability limits per person covering the above described 1974 Kawasaki motorcycle.

4. Defendant Michigan Mutual Liability Company had in force and effect on June 28, 1975 its liability policy, No. 55-0-803524 issued to Jean Fonda and Maxwell Brown Hunter as the insured.

5. Defendant Lumbermen's Mutual Casualty Company had in force and effect on June 28, 1975 its liability policy, No. VZ-599-813, issued to Maxwell B. Hunter as the insured.

It further appearing to the Court from argument of counsel, the record in this case and from the evidence presented by the parties in open Court that there is no genuine issue as to any material fact on Plaintiff's First Claim for relief and that the Plaintiff is entitled to a declaratory judgment as a matter of law on his First Claim;

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that this proceeding be converted to one under Rule 56 of the North Carolina Rules of Civil Procedure for summary judgment, and summary judgment is hereby granted in favor of Plaintiff on his First Claim for relief against the Defendants in that:

It is declared that the insurance policy #55-0-803524 of Michigan Mutual Liability Company and the insurance policy #VZ599-813 of Lumbermen's Mutual Casualty Company afford coverage to the Plaintiff and that the Defendants, Michigan Mutual Liability Company and Lumbermen's Mutual Casualty Company are obligated under their policies to afford a defense to Maxwell B.

Hunter, Plaintiff herein as a result of the accident on June 28, 1975 set forth in that prior instituted action entitled *Douglas C. Taylor v. Maxwell B. Hunter*, #77-CVS-6113 in Mecklenburg Superior Court, North Carolina.

From entry of the foregoing judgment, defendants appealed.

*Donald M. Tepper, for the plaintiff.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by William E. Poe, and Irvin W. Hankins III, for Lumbermens Mutual Insurance Company.*

*Golding, Crews, Meekins, Gordon & Gray, by Marvin K. Gray and Robert Burchette, for the defendant Michigan Mutual Liability Company.*

*Weinstein, Sturges, Odom, Bigger, Jonas & Campbell, by T. LaFontine Odom and L. Holmes Eleazer, for Douglas Taylor.*

MARTIN (Robert M.), Judge.

The question for our decision is whether the two liability insurance policies covering the truck and automobile owned by plaintiff must provide excess coverage under the "non-owned automobile" clause to the plaintiff with respect to claims arising out of the motorcycle accident of 28 June 1975. Plaintiff contends that the term "non-owned automobile" in the policies includes a motorcycle. He argues that the "owned automobile" provisions of the policies treat "automobile" as "an umbrella-like, generic term encompassing motor vehicles in general" since detailed definitions are used to specify only certain types of automobiles for coverage. Thus, when the "non-owned automobile" provision extends coverage to all "automobiles" or trailers not owned by or furnished for the regular use of the insured, plaintiff argues that the word "automobile" is unmodified and unrestricted and should be interpreted as including all motor vehicles, including motorcycles.

The defendants, Michigan and Lumbermens, issued to Maxwell B. Hunter policies which provided liability coverage for Mr. Hunter "arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile. . . ." The policies set forth the following definitions:

"named insured" means the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household. "insured" means a person or organization described under "Persons Insured";

"relative" means a relative of the named insured who is a resident of the same household;

"owned automobile" means

(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded,

(b) a trailer owned by the named insured,

(c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period provided

(1) it replaces an owned automobile as defined in (a) above, or

(2) the company insures all private passenger, farm or utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile, or

(d) a temporary substitute automobile; "temporary substitute automobile" means any automobile or trailer, not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

"non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative other than a temporary substitute automobile;

"private passenger automobile" means a four wheel private passenger, station wagon or jeep type automobile;

"farm automobile" means an automobile of the truck type with a load capacity of fifteen hundred pounds or less not used for business or commercial purposes other than farming;

"utility automobile" means an automobile, other than a farm automobile, with a load capacity of fifteen hundred pounds or less of the pickup body, sedan delivery or panel truck type not used for business or commercial purposes;

"trailer" means a trailer designed for use with a private passenger automobile if not being used for business or commercial purposes with other than a private passenger, farm or utility automobile, or a farm wagon or farm implement while used with a farm automobile;

The Supreme Court of this State has considered the definitions of an automobile in four insurance cases, namely: *Seaford v. Insurance Co.*, 253 N.C. 719, 117 S.E. 2d 733 (1961); *LeCroy v. Insurance Co.*, 251 N.C. 19, 110 S.E. 2d 463 (1960); *Jernigan v. Insurance Co.*, 235 N.C. 334, 69 S.E. 2d 847 (1952); *Anderson v. Insurance Co.*, 197 N.C. 72, 147 S.E. 693 (1929). Each case holds that a motorcycle is not included in the term "automobile" or "motor driven car" as they are used in insurance policies. Plaintiff distinguishes *Seaford* on grounds that the policy therein did not define the term "automobile" and distinguishes *LeCroy, Jernigan* and *Anderson* on grounds that they involved either medical coverage or fire insurance, not liability insurance.

Defendants cite a 1969 Louisiana case, *LaBove v. Insurance Co.*, 219 So. 2d 614 (La. App.), *cert. denied* 254 La. 22, 222 So. 2d 69 (1969), which dealt with an identical fact situation. The issue decided by the court was whether the term "non-owned automobille" as described in the policy included a two wheeled motorcycle. In holding that the policy did not extend coverage to motorcycles the court stated at page 616:

In the ordinary use of language in America, the word "automobile" refers to a motor-driven car with a body and having more than two wheels for support as protection to the driver against accidents; whereas the word "motorcycle" indicates a motor vehicle driven on two wheels. *Laporte v. North American Acc. Ins. Co.*, 161 La. 933, 109 So. 767, 48 A.L.R. 1086. Having regard to this ordinary meaning of the terms, as well as to the intended function of automobile liability policies and the scope of the risks intended to be covered, the courts have consistently held that motorcycles are not considered automobiles for purposes of coverage by automobile liability policies. 1A Appleman's Insurance Law and Practice, Section 573, page 402.

Although in the one instance in the policy in the definition of "private passenger automobile" the restriction to a "four wheel" vehicle was made, and a like restriction was not made in the definition of a "non-owned automobile," from a reading of the policy as a whole this Court finds no ambiguity as to whether the policy would afford protection arising out of the operation of an automobile as opposed to a motorcycle. We believe it would do violence to reason and the ordinary acceptation of the meaning of words to extend the provisions of this policy to motorcycles, where it was obviously intended to cover automobiles.

A contract of insurance is a contract between the parties and both parties are bound by its terms. The language of the policies in the present case is clear. North Carolina precedent demonstrates our courts' historical unwillingness to extend to the term "automobile" a meaning that the term does not ordinarily possess in its commonly understood usage. We find no ambiguity in the term "automobile" as used in these policies and are confident that persons obtaining insurance are not at all likely to be misled by the policy language into thinking that an "automobile" is a "motorcycle" for the purposes of the policy. For the reasons stated, the judgment of the trial court is reversed.

Reversed.

Judges ARNOLD and ERWIN concur.