MID-WEST MUTUAL INSURANCE COMPANY v. GOVERNMENT EM-
PLOYEES INSURANCE COMPANY

No. 8210SC1002

(Filed 15 November 1983)

**Insurance § 69— other insurance clause in uninsured motorist coverage—motor-cycle as "automobile"**

A motorcycle is an "automobile" within the meaning of language in an uninsured motorist endorsement providing that the uninsured motorist coverage is only "excess insurance" with respect to bodily injury to an insured while occupying an "automobile" not owned by the named insured. Therefore, a liability policy issued to a motorcyclist's father provided only excess coverage beyond the limits of the motorcyclist's own policy for injuries suffered by the motorcyclist when his motorcycle was struck by an uninsured vehicle.

APPEAL by plaintiff from *Lee, Judge*. Order entered 3 June 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 24 August 1983.

Plaintiff appeals from allowance of defendant's motion for summary judgment in an action in which plaintiff seeks contribution from defendant under the "other insurance" clause of uninsured motorist coverage pursuant to defendant's policy.

*Young, Moore, Henderson & Alvis, P.A., by Robert C. Paschal, for plaintiff appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Nigle B. Barrow, Jr., and Timothy P. Lehan, for defendant appellee.*

WHICHARD, Judge.

I.

Phillip Peters was injured when the motorcycle he was operating was struck by an uninsured pickup truck. At the time of the accident Peters had uninsured motorist coverage under a policy on his motorcycle for which he had paid premiums to plaintiff. Plaintiff settled the claim with Peters for $15,000, which was within its policy limits.

Plaintiff then sought contribution from defendant on the basis of defendant's policy issued to Peters' father. Because Peters was living at home with his father at the time of the accident, he was classified as an insured under that policy. He was not, however, the named insured under that policy, nor had he made payments to defendant for this coverage.

Plaintiff argues that, by virtue of the "other insurance" language contained in defendant's uninsured motorist coverage, defendant's coverage was concurrent with its own. Defendant counters that the policy provides only excess coverage; and that since the settlement with Peters was within the policy limits, it is not liable to plaintiff. The applicable language of defendant's policy provides:

> With respect to bodily injury to an insured while occupying an automobile not owned by the named insured under this endorsement, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this en-

dorsement exceeds the sum of the applicable limits of liability of all such other insurance.

The trial court agreed with defendant and granted its motion for summary judgment. Plaintiff appeals.

## II.

The issue is whether the "other insurance" clause providing for excess coverage applies when the insured is occupying a motorcycle. If so, under the plain wording of the policy the court correctly allowed summary judgment. If not, pro rata contribution would be appropriate.

The definition section of defendant's policy provides little guidance. The policy contains definitions of both insured and uninsured automobiles, but does not define automobile. The terms "automobile" and "vehicle" appear, however, to be used interchangeably. Our Supreme Court has stated that "[a] motorcycle is a vehicle." *Anderson v. Insurance Co.*, 197 N.C. 72, 75, 147 S.E. 693, 694 (1929). The policy also contains a list of items not included within the terms "insured automobile" and "uninsured automobile," and motorcycles are not listed.

The parties have not cited, and our research has not disclosed, a North Carolina case interpreting the term "automobile" when used in the "other insurance" clause of uninsured motorist coverage. Cases interpreting the term in other parts of a policy, however, have held that it does not include a motorcycle. *E.g.,*
*Hunter v. Liability Co.*, 41 N.C. App. 496, 501-02, 255 S.E. 2d 206, 209-10, *disc. rev. denied*, 298 N.C. 203 (1979). In some instances, though, the term has been construed to encompass motorcycles. *See Comr. of Insurance v. Automobile Rate Office*, 24 N.C. App. 223, 226, 210 S.E. 2d 441, 443 (1974) (term automobile liability insurance includes motorcycle liability insurance), *cert. denied*, 286 N.C. 412, 211 S.E. 2d 801 (1975).

It is significant that the previous cases addressed whether a motorcycle should be *included* within coverage. Our Supreme Court has stated that the apparent reason for excluding motorcycles was "the greater risk involved in insuring against the perils inherent in the use of motorcycles." *LeCroy v. Insurance Co.*, 251 N.C. 19, 23, 110 S.E. 2d 463, 466 (1959); *see also Anderson*

*v. Insurance Co., supra.* Thus, because of the greater risk motorcycles present, the courts have been unwilling to hold that by using the term "automobile" insurance companies intended to insure motorcycles.

Here, however, we deal with an *exclusion* from coverage. The "other insurance" clause was intended to limit the liability of defendant, the non-primary insurer, to situations where there was either no insurance or inadequate insurance. There is no reason to presume that, in excluding automobiles with other insurance, defendant intended to insure the greater risk presented by relatives of the insured who have other insurance on motorcycles. To disallow coverage to a motorcycle when an automobile is covered, but allow coverage to a motorcycle when an automobile is excluded, would be a bizarre interpretation. The principles which have led our courts to hold that the term "automobile" does not encompass motorcycles when dealing with inclusion of coverage would thus seem to dictate a holding that the term does encompass motorcycles when dealing with exclusion from coverage in the context of an "other insurance" clause of uninsured motorist coverage. We thus hold that defendant's policy provided for excess coverage only, and plaintiff is not entitled to contribution.

### III.

We note that some jurisdictions have held that the term automobile does not include motorcycles. *E.g., Phillips v. Midwest Mutual Insurance Co.,* 329 F. Supp. 853 (W.D. Ark. 1971); *Home Indemnity Co. v. Hunter,* 7 Ill. App. 3d 786, 288 N.E. 2d 879 (1972); *Midwest Mutual Insurance Co. v. Fireman's Fund Insurance Co.,* 258 S.C. 533, 189 S.E. 2d 823 (1972). Although the *Phillips* court held that the term automobile did not include a motorcycle, it still held, on the basis of the parties' intent, that the father's policy provided excess coverage only. It stated:

The record . . . does not establish that the plaintiff had any intention of insuring his son against uninsured motorists while riding the motorcycle when he purchased the policy from Northwestern, nor did Northwestern contemplate coverage of this type. . . . It is the duty of the court to carry out the intentions of the parties. 'Courts may enforce legal contracts or void illegal ones, but courts may not expand con-

tracts beyond their terms and the intent of the parties.' *Harris v. Southern Farm Bureau Casualty Ins. Co.,* (1970) 247 Ark. 961, at page 965, 448 S.W. 2d 652, at page 654.

329 F. Supp. at 859.

We note further that at least two courts have held that the term automobile does include motorcycles under uninsured motorist coverage. *Rodriquez v. Maryland Indemnity Insurance Co.,* 24 Ariz. App. 392, 539 P. 2d 196 (1975); *Country-Wide Insurance Co. v. Wagoner,* 45 N.Y. 2d 581, 384 N.E. 2d 653, 412 N.Y.S. 2d 106 (1978).

Affirmed.

Judges JOHNSON and EAGLES concur.