643 So.2d 648 (1994)
Nester V. MONTALVO and Carmen Montalvo, Appellants,
v.
The TRAVELERS INDEMNITY COMPANY, Appellee.
No. 93-827.
District Court of Appeal of Florida, Fifth District.
September 30, 1994.
*649 Francine D. Holbrook of Merritt Sikes & Ennis, P.A., Miami, for appellants.
Kenneth T. Conner of Frank & Brightman, Orlando, and Herbert M. McMillan, III, of Beers, Tudhope & Wyatt, P.A., Maitland, for appellee.
THOMPSON, Judge.
Nester Montalvo ("Montalvo"), timely appeals the trial court's confirmation of an arbitration award which reduced the arbitration award by 50%. This court has jurisdiction.[1] We reverse with directions. Montalvo was a passenger in an automobile owned and operated by Diago Padilla. This automobile was hit by George Wilder, III. Wilder was an uninsured motorist. Padilla was insured by Integon General Insurance Company ("Integon") a North Carolina company. Montalvo was insured as a family member of the household under his wife's automobile insurance policy with Travelers Indemnity Company ("Travelers"). This policy was issued in North Carolina, on a car which was not involved in the accident. Montalvo suffered serious injuries as a result of the accident which were compensable under the uninsured motorist provisions of the Travelers policy.
Montalvo demanded arbitration with Travelers and filed a "petition to compel arbitration" because the parties could not agree on a neutral third arbitrator.[2] After hearing the presentation of Montalvo and Travelers, the arbitrators unanimously awarded Montalvo $68,500 plus $5,000 to his wife on her derivative loss of consortium claim. Travelers did not file a petition to modify or correct the arbitration award within the 90-day period provided by statute,[3] so Montalvo filed a motion for confirmation of the arbitration award in the circuit court. His petition sought entry of a judgment against Travelers in the amount of the arbitration award, costs and "attorneys' fees incident to bringing this unnecessary petition."
After the petition was filed, Travelers paid Montalvo $36,500, which they alleged represented 50% of the total damages awarded by the arbitrators. Travelers position was that, pursuant to its "other insurance" clause, it was responsible for only 50% of the arbitration award because Montalvo was required to pursue the remaining 50% from Integon, the insurer of Padilla's car. Although Montalvo had filed an uninsured motorist's claim with *650 Integon, he did not consolidate that claim with the claim against Travelers even though Integon requested that the claims be consolidated. As a result of the failure to consolidate, Integon was not made a party to the arbitration proceedings or the confirmation hearing.
Both Travelers' and Integon's policies contained identically worded "other insurance" clauses in their uninsured motorists benefit provisions:
If this policy and any other auto insurance policy issued to you apply to the same accident, the maximum limit of liability for your injuries under all the policies shall not exceed the highest applicable limit of liability under any one policy. In addition, if there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.
After a hearing on the motion to confirm the arbitration award, the lower court agreed and confirmed only 50% of the arbitration award. The trial judge relied upon Travelers' assertion that, because both policies provide limits of $100,000 per person and $300,000 per event, each company's proportionate share was one-half of the total damages awarded. Finally, although before the court, the trial court did not address the issue of attorneys' fees. Montalvo appeals.
Montalvo raises three issues on appeal: 1) whether the trial court had the discretion to change the arbitrators' award in the absence of a timely motion to vacate, modify or correct; 2) whether the uninsured policy limits can be reduced by the trial judge pursuant to an "other insurance" clause where there is another insurance policy in effect which covers the same accident; 3) whether the lower court erred by not awarding attorneys' fees to Montalvo. We address these issues seriatim.

Issue I
It was within the trial judge's discretion to change the arbitration award and reduce it by 50%. Under the arbitration code, which governs the procedural aspects of appointing the arbitrators and confirming the award, Travelers may raise the issue of the extent of its policy coverage at the confirmation hearing. As long as the issue was not submitted to the arbitration panel, it may be submitted to the trial court. Meade v. Lumbermens Mut. Casualty Co., 423 So.2d 908 (Fla. 1982) (policy limits can properly be raised as a defense to paying the arbitration panel's award in the circuit court confirmation hearing). The only issue submitted to the arbitrators was the amount of Montalvo's damages. Travelers did not submit the issue of policy limits to the arbitration panel. The arbitration provision of Travelers' policy provided for arbitration only of the issues of whether Montalvo was legally entitled to damages and, if so, the amount of damages. The question of whether, under the terms of its policy and North Carolina law, Travelers was obligated to pay only one-half of Montalvo's damages was one which only the trial court, not the arbitration panel, could resolve. Bruno v. Travelers Ins. Co., 386 So.2d 251, 252 (Fla. 3rd DCA 1980). The trial court had the discretion to change the arbitration award pursuant to the properly raised defense to the confirmation of the award.

Issue II
Montalvo and Travelers agree that the law of North Carolina controls our interpretation of the two insurance contracts since Travelers' and Integon's policies were issued in North Carolina. See Lumbermens Mut. Casualty Co. v. August, 530 So.2d 293 (Fla. 1988) (lex loci contractus rule determines choice of law for interpretation of provisions of uninsured motorist clauses in automobile policies as it determines other issues of automobile insurance coverage). They also agree that under North Carolina insurance law, the "other insurance" clause is permitted. See G.S. § 20-279.21 (1985) ("any motor vehicle liability policy may provide for the pro rating of the insurance thereunder with other valid and collectable insurance"). Montalvo argues that since his award does not exceed the policy limit under his Travelers' policy, he should be paid the total amount awarded to *651 him by the arbitration panel. He argues that it should not be his responsibility to seek from every insurance company the correct amount that they may be obligated to pay. Travelers should pay him and then seek to recover its claim against Integon. Based upon our review of North Carolina law, we agree for several reasons.
First, Integon was not properly before the trial court. Travelers argues that Montalvo should have joined Integon and his failure to do so deprived Montalvo of their 50% contribution. As we view the situation, Travelers could have joined Integon as a party to the arbitration as well as to the confirmation hearing. Although Travelers and Montalvo stipulated to the introduction of Integon's policy into evidence and stipulated that each policy was in effect at the time of the accident, there was no stipulation that Montalvo was an "insured" under Integon's policy, that Integon had agreed Montalvo was entitled to payment, or that Integon had paid any amount of damages to Montalvo. In other words, Travelers did not show that Montalvo was an "insured" entitled to recover under Integon's policy. Without there being a proven nexus to show that Integon's policy is the "other applicable insurance," Travelers cannot use Integon as a reason not to compensate Montalvo fully. See Allstate Ins. Co. v. Shelby Mut. Ins. Co., 269 N.C. 341, 152 S.E.2d 436 (1967) (terms of another contract between different parties cannot affect the proper construction of an insurance policy unless the second contract constitutes an event which brings a provision of the first contract into effect). Without Integon before the trial court, no determination could be made on the effect of the terms of Integon's policy.
Second, under North Carolina law, Travelers could have sought a declaratory judgment against Integon regarding the companies' obligations under the two insurance contracts. See North Carolina Farm Bureau Mut. Ins. Co. v. Hilliard, 90 N.C. App. 507, 369 S.E.2d 386 (1988) (a declaratory judgment action is appropriate to determine the order of payment between two insurers and the amount of each insurer's share of a settlement figure).
Third, Travelers could have filed an action for contribution from Integon for its pro rata share after paying Montalvo. See Mid-West Mut. Ins. Co. v. Government Employees Ins. Co., 65 N.C. App. 143, 308 S.E.2d 761 (1983) (a contribution claim for personal injuries is appropriate to determine uninsured motorist insurance coverage where injury occurs in a motor vehicle not owned by the covered insured).
In short, there are methods by which Travelers could have recovered the money paid to Montalvo, for example, through a declaratory judgment or contribution. Regardless of who else may be responsible, under North Carolina law, Travelers is the primary insurer since Montalvo's family (Mrs. Montalvo) paid the premiums and he was a named insured under the policy. Therefore, Travelers cannot deny full coverage, consistent with the policy limitations, to Montalvo on the basis that there is other similar insurance available under the "other insurance" clause. See Moore v. Hartford Fire Ins. Co. Group, 270 N.C. 532, 155 S.E.2d 128 (1967). For these reasons, we reverse and remand to the trial court to affirm the arbitration panel's award for the full amount from Travelers.

Issue III
During the hearing on remand, the trial court shall determine the amount, if any, of attorneys' fees to be awarded, pursuant to North Carolina law only. Montalvo is not entitled to attorneys' fees under section 627.428, Florida Statutes (1991), since Florida law does not apply. See Andrews v. Continental Ins. Co., 444 So.2d 479 (Fla. 5th DCA), review denied, 451 So.2d 847 (Fla. 1984) (in a case where the trial court has determined that the law of another state is to be used to interpret an insurance policy, the law of that state shall be used to consider attorneys' fees).
REVERSED and REMANDED for further proceedings consistent with this opinion.
GOSHORN and DIAMANTIS, JJ., concur.
NOTES
[1] See Fla.R.App.P. 9.030(b)(1)(A) & 9.110(b).
[2] See § 682.04, Fla. Stat. (1991).
[3] See §§ 682.12-.15, Fla. Stat. (1991).