THOMPSON, J.
Travelers Insurance Company appeals a summary judgment in favor of Integon General Insurance Company.
Nestor Montalvo, a passenger in an automobile, was injured by an uninsured motorist. The owner of the vehicle had UM coverage under a policy issued by Integon, and Montalvo had a UM policy with Travelers. Montalvo enforced an arbitration clause in the Travelers policy, and the panel awarded him and his wife $68,500 and $5,000 respectively. During the pen-dency of Montalvo’s motion in the circuit court for confirmation of the arbitration award, Travelers paid Montalvo only half the award. Travelers contended that under “other insurance” clauses in its policy and in Integon’s policy, Travelers was responsible for half the award, and Integon the other half. The trial court agreed, and confirmed only half the arbitration award.
Montalvo appealed, and this court reversed. Montalvo v. Travelers Indemnity Company, 643 So.2d 648 (Fla. 5th DCA 1994). Both parties agreed that North Carolina law applied. We held that it was error to reduce the award by one-half. Although we agreed that Integon could be liable for one-half the award, we did not agree that Montalvo’s recovery should be reduced. Integon had never been brought *363 into the arbitration or confirmation proceedings, and, although the parties stipulated that both policies were in effect at the time of the accident, Travelers never established that Montalvo was entitled to recover under the Integon policy. We pointed out further that Travelers could have sought a declaratory judgment against Integon regarding the companies’ obligations under their respective policies. Id. at 651 (citing North Carolina Farm Bureau Mut Ins. Co. v. Hilliard, 90 N.C.App. 507, 369 S.E.2d 386 (1988)(a declaratory judgment action is appropriate to determine the order of payment between two insurers and the amount of each insurer’s share of a settlement figure)). We also pointed out that Travelers could have sought contribution from Integon. Id. (citing Mid-West Mut. Ins. Co. v. Government Employees Ins. Co., 65 N.C.App. 143, 308 S.E.2d 761 (1983) (a contribution claim for personal injuries is appropriate to determine uninsured motorist insurance coverage where injury occurs in a motor vehicle not owned by the covered insured)).
On remand, Travelers filed a complaint for contribution against Integon. It insisted to the trial court, as it insists on appeal, that it has a cause of action against Integ-on for contribution under section 768.31, Florida Statutes, the Uniform Contribution Among Tortfeasors Act. Travelers has further insisted that it has this cause of action because it stands in the shoes of the tortfeasor. The trial court ruled orally that Travelers had failed to state a cause of action because Travelers and Integon were not joint-tortfeasors.
First, in the earlier opinion, we applied only North Carolina law, which the parties agreed was controlling, and in no way intimated that Travelers had a cause of action under section 768.31. Second, a UM carrier stands in the shoes of the tortfeasor when defending a claim made against it by its insured, in that the insurer may assert defenses that would be available to the uninsured motorist. Allstate Insurance Co. v. Boynton, 486 So.2d 552 (Fla.1986). That does not mean, however, that insurers stand in the shoes of the tortfeasor when one insurer seeks contribution from the other as an alleged co-obligor. Nor does it mean that in a case controlled by North Carolina law, a cause of action under section 768.31 may be brought.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.