632 So.2d 106 (1994)
AMERICAN RELIANCE INSURANCE COMPANY, Appellant,
v.
The VILLAGE HOMES AT COUNTRY WALK, et al., Appellees.
No. 93-2140.
District Court of Appeal of Florida, Third District.
February 8, 1994.
Rehearing Denied March 15, 1994.
*107 David L. Deehl, Miami, and Michele Feinzig, Fort Lauderdale, for appellant.
Wallace Engels Pertnoy Solowsky & Allen and Jay Solowsky, Miami, for appellees.
Before HUBBART, JORGENSON and COPE, JJ.
JORGENSON, Judge.
American Reliance Insurance Company appeals from a nonfinal order denying its motion to compel arbitration. We have jurisdiction pursuant to Fla.R.App.P. 9.130(a)(3)(C)(v), and affirm.[1]
American Reliance issued a policy of casualty insurance to The Village Homes at Country Walk, which was severely damaged by Hurricane Andrew. Country Walk sued to recover benefits under the policy; the insurer moved to dismiss and to compel arbitration, relying on the following policy clause:
If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
(a) Pay its chosen appraiser; and
(b) Bear the other expenses of the appraiser and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim. (emphasis added)
The policy clause on which the insurer relies is not an enforceable arbitration agreement, as it lacks mutuality of obligation. "The very essence of an arbitration is an agreement to be bound by the factual determination of the arbitrator and thus end the factual controversy." Bankers & Shippers Ins. Co. v. Gonzalez, 234 So.2d 693 (Fla. 3d DCA 1970). Where the insured and the insurer agree to submit the question of the insured's loss for determination by appraisers, but the appraisal would not affect the question of the insurer's liability except to fix the amounts of value and loss of damage, there is no enforceable arbitration agreement. 14 Couch on Insurance 2d § 50:18 (Rev.Ed. 1983). "In the absence of an agreement to be bound thereby, the parties are not bound by a determination made by a third person." Id.
The Florida Supreme Court has held that an agreement not to be bound by an arbitrator's award that exceeds a certain amount is not contrary to public policy or the Florida Arbitration Code. Roe v. Amica Mut. Ins. Co., 533 So.2d 279 (Fla. 1988). In Roe, the court noted that "the parties simply agreed to binding arbitration as to any award up to $10,000, and to nonbinding arbitration as to any award exceeding that limit." Roe, 533 So.2d at 281. In Roe, either party could reject an award of over $10,000 and proceed to litigate the claim. However, the policy in this case does not even provide for nonbinding arbitration as to the value of loss, as it reserves only the insurer's right to reject the claim.[2]
Appraisal provisions in insurance policies may be construed as agreements to arbitrate. See, e.g., Intracoastal Ventures Corp. v. Safeco Ins. Co., 540 So.2d 162 (Fla. 4th DCA 1989); State Farm Fire & Cas. Co. v. Feminine Fashions, 509 So.2d 376 (Fla. 3d DCA 1987). Here, however, the insurer's *108 reservation of its right to deny the claim destroys mutuality of obligation, is incompatible with the goals of arbitration, and renders illusory any purported agreement to submit to binding arbitration.
AFFIRMED.
HUBBART, J., concurs.
COPE, Judge (dissenting).
I respectfully dissent. The appraisal clause in the present case is reasonably susceptible of an interpretation which is neither illusory nor wanting in mutuality. Accordingly, the order under review should be reversed.
The question before us is how to interpret the appraisal clause of a standard form insurance contract. The insured successfully argued below that the appraisal clause is binding only on the insured and not on the insurer. The trial court declined to enforce the appraisal clause, reasoning that the provision was illusory or wanting in mutuality.
The rules of contract construction applicable here are clear. In the interpretation of an "agreement or a term thereof ... (a) an interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect... ." Restatement (Second) of Contracts § 203 (1981). Similarly, "[a]ll of the provisions of a contract should be given their due meaning, and should be so construed as to render them consistent and harmonious if possible; effect should be given to each provision if that can reasonably be done." 11 Fla.Jur.2d Contracts § 121, at 421 (1979) (footnotes omitted).
With those principles in mind, the text of the appraisal clause must be considered. The key provisions are the last, and third from last, sentences. The appraisal clause states:
2. Appraisal
If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim.
(Emphasis added).
The insurer correctly argues that this clause cannot be reasonably construed to allow the insurance company an open-ended escape from the results of the appraisal. The appraisal clause sets out the procedure for appraisal. It then expressly provides, "A decision agreed to by any two [appraisers] will be binding." (Emphasis added). "Will be binding" means "will be binding." Thus, once the appraisers have reached a decision, both the insured and the insurer are bound thereby, because the contract says so.
What, then, is the proper interpretation of the final sentence, which states "If there is an appraisal, we still retain our right to deny the claim."? It must be remembered that the appraisal clause in this case allows either the insured or the insurer to make a request for an appraisal. The purpose of the "right to deny" sentence is to state, quite simply, that if the insured requests an appraisal and the insurer proceeds with the appraisal process, the insurer has not thereby abandoned any coverage defenses which may be available to it.
The appraisal clause in the present case is a "plain language" version of a similar appraisal clause interpreted in Hanover Fire Insurance Co. v. Lewis, 28 Fla. 209, 10 So. 297 (1891). There, the appraisal clause provided that the award "shall be binding on the parties as to the amount of such loss or damage, but shall not decide the liability of the companies, respectively, under this policy." *109 Id. at 242, 10 So. at 301. The Florida Supreme Court held that the clause was
binding as to the extent of the loss on the assured as well as upon the insurers... . Hence, if, after such ascertainment of the amount of the loss, it should be found that the insurers were legally liable for such loss, they at once became bound for the "amount" ascertained and awarded by such arbitrators.
Id. at 248, 10 So. at 302-03. Cf. Roe v. Amica Mut. Ins. Co., 533 So.2d 279, 280 (Fla. 1988) ("parties may select certain issues and not others to submit to arbitration, and ... an award would be binding only as to those issues submitted.").
The appraisal clause is valid and binding. The order under review should be reversed.
NOTES
[1] American Reliance sought review of the order by a Petition for Writ of Common Law Certiorari. Because the order is an appealable nonfinal order, we treat the petition as an appeal.
[2] The supreme court decided Roe in the context of a dispute over PIP benefits under an automobile insurance policy. This case involves benefits claimed under a casualty policy for losses occasioned by Hurricane Andrew's destruction of people's homes. Although reconstruction is underway, the process of rebuilding cannot continue without payment of sums allegedly still due under the policy. The displaced homeowners are loathe to submit to the appraisal arbitration process in light of the insurer's right nevertheless, at the conclusion of that process, to deny their claims.