669 So.2d 1049 (1995)
Francisco ROBLES, Appellant,
v.
HARCO NATIONAL INSURANCE COMPANY, Appellee.
No. 93-861.
District Court of Appeal of Florida, Third District.
January 18, 1995.
Rehearing Denied September 13, 1995.
Leo Bueno, Miami, Carlos Lidsky, Hialeah, for appellant.
Wicker Smith Tutan O'Hara McCoy Graham & Lane and Shelley H. Leinicke, Fort Lauderdale, for appellee.
Before HUBBART, BASKIN and GREEN.
PER CURIAM.
Francisco Robles ("Robles") appeals an adverse final summary judgment which limits his recovery on an alleged stolen vehicle to an amount established pursuant to an appraisal provision of his automobile insurance policy. Based upon our recent pronouncement in American Reliance Ins. Co. v. Village Homes at Country Walk, 632 So.2d 106 (Fla. 3d DCA), rev. denied, 640 So.2d 1106 (Fla.1994), we must reverse.
Robles purchased a 1980 Ford dump truck in May 1989 which was financed with a loan from Capital Bank in the sum of $28,643. Robles insured the truck with Harco National Insurance Company ("Harco"). Capital Bank was shown on the declaration page as a loss payee to recover a portion of the insurance proceeds "as interest may appear at the time of the loss."
On October 22, 1990, Robles filed a proof of loss with Harco claiming that the truck had been stolen. Robles requested Harco to pay for the loss pursuant to the terms and conditions of the policy. According to the policy, the maximum damages recoverable at the time of the loss was the actual cash value or the cost of repairing or replacing the stolen property, whichever is less, minus a $1,000 deductible for each covered automobile.
If the parties disagreed on the amount of the loss, the insurance contract established an appraisal procedure to determine what sum was due and owing:
Section IIIBusiness Auto Conditions.
The following conditions apply in addition to the common policy conditions:
A. Loss Conditions
1. Appraisal
If you and we disagree on the amount of "loss," either may demand an appraisal of that "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
a) Pay its chosen appraiser; and
b) bear the other expenses of the appraisal and umpire equally.

*1050 If we submit to an appraisal, we will still retain our right to deny the claim. (emphasis added).
In November 1990, Harco offered $17,313 as the actual cash value of the truck, subject to the $1,000 deductible. Robles rejected this offer. By letter dated January 21, 1990, Harco requested that Robles submit to an appraisal of the loss pursuant to the terms of the contract. Robles' appraiser valued the truck at $27,000 and Harco's appraiser valued it at $16,000, subject to the deductible. A third appraiser, selected by the two appraisers as the umpire, valued the truck at $16,000. Harco tendered $15,000 (the appraisal minus the deductible). Robles rejected this offer and filed suit.
Harco moved for summary judgment and argued that Robles' recovery was limited to the amount established pursuant to the policy's appraisal provision. The trial court granted Harco's motion for summary judgment and Robles instituted this appeal. On appeal, Robles argues, among other things, that our American Reliance decision dictates a reversal of the summary judgment because the appraisal provision lacks mutuality of obligation and is therefore unenforceable. We agree. In American Reliance, we said:
Where the insured and the insurer agree to submit the question of the insured's loss for determination by appraisers, but the appraisal would not affect the question of the insurer's liability except to fix the amounts of value and loss of damage, there in no enforceable arbitration agreement. 14 Couch on Insurance 2d § 50:18 (Rev. Ed.1983). `In the absence of an agreement to be bound thereby, the parties are not bound by a determination made by a third person.' Id.

632 So.2d at 107.
Accordingly, since we conclude that this appraisal provision is unenforceable, the summary judgment must be reversed as there is now a genuine issue of material fact as to the amount, if any, that Robles may recover on his claim.
Reversed and remanded for proceedings consistent herewith.