649 So.2d 910 (1995)
STATE FARM FIRE AND CASUALTY COMPANY, Appellant,
v.
Elicer LICEA and Hermida LICEA, Appellees.
No. 94-1261.
District Court of Appeal of Florida, Third District.
February 1, 1995.
Charlton Lee Hunter and Linwood Anderson, Miami, for appellant.
*911 Hal Vogel, Aventura, Frankel & Finkel and Barry Finkel, Pompano Beach, for appellees.
Before BARKDULL, LEVY and GREEN, JJ.
PER CURIAM.
The Licea's home sustained damage during hurricane Andrew. State Farm was their insurance carrier. A dispute over the amount of damage arose. The Licea's policy contained an appraisal clause. Pursuant to that clause the parties each selected an appraiser but the appraisers could not agree on an umpire. State Farm moved for appointment of an umpire. At hearing on State Farm's motion the Licea's argued that, based on this court's holding in American Reliance v. Country Walk, 632 So.2d 106 (Fla.3d DCA); review denied, 640 So.2d 1106 (Fla. 1994), the appraisal clause lacked mutuality and thus was void. On the authority of this court's decision in Country Walk the trial court denied State Farm's motion. This appeal followed.
This panel is of the opinion that Judge Cope's dissent in Country Walk sets forth the correct rule of law, to wit: That by participating in an arbitration proceeding to determine the amount of loss suffered by an insured the insurer is in no way deprived of the right to later contest the existence of insurance coverage for that loss. See and compare Hardware Dealers Mutual v. Glidden Co., 284 U.S. 151, 52 S.Ct. 69, 76 L.Ed. 214 (1931) (legislation which requires arbitration of single issue of amount of loss is not an unconstitutional denial of due process or equal protection because arbitrator may only decide the amount of loss, all other issues are reserved for the court); Hamilton v. Home Ins., 137 U.S. 370, 11 S.Ct. 133, 34 L.Ed. 708 (1890) (a provision in a contract for the payment of money upon the contingency that the amount to be paid shall be submitted to arbitrators, whose award shall be final as to that amount, but shall not determine the general question of liability is undoubtedly valid); Midwest Mutual v. Santiesteban, 287 So.2d 665 (Fla. 1973) (challenge to coverage under an insurance policy presents a judicial question which may not be decided by arbitration); Hanover Fire Ins. v. Lewis, 28 Fla. 209, 10 So. 297 (1891) (whether an insurer is legally liable or obligated to pay a loss is not within the sphere of arbitration, those are questions for the court to decide); Montalvo v. Travelers, 643 So.2d 648 (Fla.5th DCA 1994) (the question of whether, under the terms of the policy, insurer was obligated to pay only one half of insured's damages was one for the court, not the arbitration panel); J.J.F. of Palm Beach v. State Farm, 634 So.2d 1089 (Fla.4th DCA 1994) (although coverage issue is a question for the court, the trial court may not disturb an arbitration award under rubric of deciding coverage issue); State Farm v. Wingate, 604 So.2d 578 (Fla.4th DCA 1992) (where the insurer voids a policy due to the circumstances surrounding the loss the initial issue, to be decided by the court and not the arbitrator, is whether there is coverage for the loss); Allstate v. Banaszak, 561 So.2d 465 (Fla.4th DCA 1990) (in an declaratory relief action based on an uninsured motorist policy, coverage issues are to be decided by the court not the arbitrator); U.S.F. & G. v. Woolard, 523 So.2d 798 (Fla.1st DCA 1988) (insurer's declaratory judgment action involved coverage question which is a matter for the court to decide, not the arbitrator); Allstate v. Candreva, 497 So.2d 980 (Fla.4th DCA 1986) (it is the court's duty to determine whether there is insurance coverage and the arbitrator's duty to determine the extent of the loss); Criterion Ins. v. Amador, 479 So.2d 300 (Fla.3d DCA 1985) (question of coverage under an insurance policy is for the court to determine, not the arbitrator); Nationwide Ins. v. Cooperstock, 472 So.2d 547 (Fla.4th DCA 1985) (coverage issues are for a court of law to decide, liability issues are for arbitrators to decide); Kenilworth Ins. v. Drake, 396 So.2d 836 (Fla.2d DCA 1981) (policy provisions that require the submission of damages to arbitration are binding, but questions pertaining to coverage provided by the policy must be adjudicated by the court); Vigilant Ins. v. Kelps, 372 So.2d 207 (Fla.3d DCA 1979) (it is well settled that issues concerning the existence of coverage may be determined only by the court, and, conversely may not be a subject of the arbitration process); Travelers v. Lee, *912 358 So.2d 88 (Fla.3d DCA 1978) (notwithstanding any provision for arbitration, the question of coverage is a judicial matter to be determined by the court); Aetna v. Goldman, 346 So.2d 111 (Fla.3d DCA 1977) (question of coverage is judicial matter to be determined by court notwithstanding insurance policy provisions pertaining to arbitration); G.E.I. Co. v. Mirth, 333 So.2d 545 (Fla.3d DCA 1976) (under liability indemnity policy issues relating to merits of claim are triable at arbitration, but issue bearing on coverage is only triable to the court); Hayston v. Allstate, 290 So.2d 67 (Fla.3d DCA 1974) (question of insurance coverage is judicial question which may not be determined by arbitration); American Fidelity v. Richardson, 189 So.2d 486 (Fla.3d DCA 1966) cert. denied 200 So.2d 814 (1967) (counter claim which disputes coverage must be decided by the court prior to the court proceeding in an action to confirm an arbitration award); Cruger v. Allstate, 162 So.2d 690 (Fla.3d DCA 1964) (in declaratory decree action, not withstanding policy provision for arbitration, the coverage question was properly decided by the court).
Accordingly, a request, addressed to the entire court, was made to set this matter for en banc consideration so that Country Walk could be revisited and possibly receded from. That request was denied. Under the circumstances this panel is compelled, by the doctrine of stare decisis, to follow this court's earlier decision in Country Walk. See Perez v. State, 620 So.2d 1256 (Fla. 1993); Holding Electric, Inc. v. Roberts, 512 So.2d 1112 (Fla.3d DCA 1987), conflict jurisdiction accepted, reversed on other grounds, 530 So.2d 301 (Fla. 1988). However, we do, pursuant to Article V Section 3(b)(3) & (4) of the Florida Constitution and the Rule 9.030(a)(2)(A)(iv) & (vi) of the Florida Rules of Appellate Procedure, certify an express and direct conflict between our holding today and Montalvo v. Travelers, 643 So.2d 648 (Fla.5th DCA 1994); J.J.F. of Palm Beach v. State Farm, 634 So.2d 1089 (Fla.4th DCA 1994); U.S.F. & G. v. Woolard, 523 So.2d 798 (Fla.1st DCA 1988); and, Kenilworth Ins. v. Drake, 396 So.2d 836 (Fla.2d DCA 1981) as cited herein.
The order under review is affirmed, the conflict certified.
Affirmed.
BARKDULL and LEVY, JJ., concur.
GREEN, Judge, specially concurring.
I concur in the result of this opinion based on the settled case of American Reliance Ins. Co. v. Village Homes at Country Walk, 632 So.2d 106 (Fla.3d DCA), rev. denied, 640 So.2d 1106 (Fla. 1994) (en banc consideration denied by this court).