666 So.2d 944 (1995)
SCOTTSDALE INSURANCE COMPANY, Appellant,
v.
John DESALVO, as Personal Representative of the Estate of H.P. Demery, Deceased, d/b/a Port City Trading, Appellee.
No. 95-2081.
District Court of Appeal of Florida, First District.
December 28, 1995.
*945 W. Lane Neilson and Andrew P. Rock of Neilson and Associates, Orlando, for Appellant.
J. Clark Hamilton, Jr., of Fannin, Tyler & Hamilton, P.A., Jacksonville, for Appellee.
WEBSTER, Judge.
Appellant (the insurer) seeks review, pursuant to Florida Appellate Rule 9.130(a)(3)(C)(v), of a non-final order denying its motion requesting that appellee's (the insured's) action be stayed and the parties compelled to resort to appraisal to resolve their differences regarding the amount of the loss sustained by the insured which is covered by insurance. We reverse.
The facts relevant to this appeal are not in dispute. The insured sustained a significant loss as the result of a fire. It filed a sworn proof of loss, in which it claimed $563,000.00, the limit of coverage under the policy. The insurer accepted coverage. However, it concluded that the insured's loss was only $405,402.08, which sum it paid to the insured. When the parties were unable to resolve their disagreement over the additional sum claimed by the insured, the insured filed suit. In response, the insurer filed a motion requesting the trial court to stay the action, and to compel the parties to submit to appraisal the amount of the loss, pursuant to a policy provision which reads:
If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim.
(Emphasis added.)
At the hearing on the insurer's motion, the insured argued that the emphasized last sentence of the appraisal provision renders the entire provision unenforceable because it *946 lacks mutuality of obligation, relying for support on American Reliance Insurance Co. v. Village Homes at Country Walk, 632 So.2d 106 (Fla. 3d DCA), review denied, 640 So.2d 1106 (Fla. 1994). In Country Walk, the court was faced with precisely the same issue presented here. The trial court had denied the insurer's motion to compel appraisal pursuant to an identical policy provision, and the insurer appealed. In a split decision, the majority held that the appraisal provision was unenforceable because "it lack[ed] mutuality of obligation":
"The very essence of an arbitration is an agreement to be bound by the factual determination of the arbitrator and thus end the factual controversy." . .. Where the insured and the insurer agree to submit the question of the insured's loss for determination by appraisers, but the appraisal would not affect the question of the insurer's liability except to fix the amounts of value and loss of [sic] damage, there is no enforceable arbitration agreement.
Id. at 107 (citations omitted).
The insurer responded that it had already accepted coverage, and that it was prepared to agree to be bound by whatever figure came out of the appraisal. It argued that the appraisal provision was standard in the industry, that Country Walk was an aberration and that appraisal should be compelled because it was a favored form of dispute resolution and would permit a faster and more economical means of resolving the dispute between it and the insured.
The trial court acknowledged the preference for such non-judicial dispute resolution techniques. However, it noted that only the Third District Court of Appeal had addressed the issue and that, in the absence of contrary precedent from either the supreme court or another district court of appeal, it was obliged to follow the Third District's decision in Country Walk. Accordingly, it denied the insurer's motion. This appeal follows.
The trial court correctly concluded that, notwithstanding its reservations about the soundness of the Country Walk decision, in the absence of contrary precedent from either the supreme court or this court, it was obliged to follow Country Walk. E.g., McGauley v. Goldstein, 653 So.2d 1108 (Fla. 4th DCA 1995). We share the trial court's concerns. However, unlike it, we are at liberty to disagree with the decision of another district court. Having carefully analyzed the majority and dissenting opinions in Country Walk and the law on the subject in general, respectfully, we now do so.
In his Country Walk dissent, Judge Cope took the position that the last sentence of the appraisal provision must be read in conjunction with the remainder of the provision, and in a manner which would result in a reasonable and effective meaning, rather than in a manner which would result in an unreasonable meaning. He reasoned that, read in such a manner, the sentence could not be "construed to allow the insurance company an open-ended escape from the results of the appraisal." 632 So.2d at 108. The provision allows either party to the contract of insurance to request an appraisal. Bearing this in mind, Judge Cope concluded that the only reasonable construction of the last sentence is that it is intended merely to clarify that, should the insurer participate in an appraisal in response to a demand by its insured, it does not thereby waive any coverage defense it might have. Id. According to Judge Cope, when so read, the appraisal provision is not lacking in mutuality of obligation.
The Third District has followed Country Walk in Gables Court Professional Centre, Inc. v. Merrimack Mutual Fire Insurance Co., 642 So.2d 74 (Fla. 3d DCA), review dismissed, 650 So.2d 990 (Fla. 1994); Robles v. Harco National Insurance Co., 20 Fla. L. Weekly D215, ___ So.2d ___ (Fla. 3d DCA Jan. 18, 1995); and State Farm Fire and Casualty Co. v. Licea, 649 So.2d 910 (Fla. 3d DCA 1995), review granted, 662 So.2d 933 (Fla. 1995). However, the opinion in the latter case reflects something less than unanimity among the judges of that court regarding the soundness of the Country Walk majority opinion.
As Judge Cope pointed out in his Country Walk dissent, provisions similar to the appraisal provision at issue there (and here) *947 have been used in insurance policies for some time. E.g., Hanover Fire Ins. Co. v. Lewis, 28 Fla. 209, 10 So. 297 (1891). Moreover, "[t]here is considerable authority to the effect that a stipulation in an insurance policy ... [that] leaves the general question of liability for a loss to be judicially determined, and simply provides a reasonable method of estimating and ascertaining the amount of the loss, is lawful." 14 George J. Couch, Couch Cyclopedia of Insurance Law § 50:30, at 185 (1982). Accord 6 John A. Appleman & Jean Appleman, Insurance Law and Practice § 3949 (1972). Furthermore, it appears that language substantively indistinguishable from that used in the appraisal provision at issue has been a part for many years of what has been referred to as "[t]he standard fire insurance policy." Robert E. Keeton & Alan I. Widiss, Insurance Law § 9.6(c), at 1079 & app. A, at 1111 (1988).
We believe that the construction proposed by Judge Cope in his Country Walk dissent is the most reasonable interpretation of the appraisal provision read in its entirety  i.e., that an insurer may not demand an appraisal while at the same time denying coverage; but that, rather, the language is intended merely to ensure that an insurer is not deemed to have waived any coverage defense it might have when it participates in an appraisal requested by the insured. Such a construction is, we believe, most consistent with the public policy favoring arbitration as a means of dispute resolution; and with the principle that ambiguities regarding the scope of arbitration should be resolved in favor of arbitration. E.g., Regency Group, Inc. v. McDaniels, 647 So.2d 192 (Fla. 1st DCA 1994); Grektorp v. City Towers of Florida, Inc., 644 So.2d 613 (Fla. 2d DCA 1994). It is, moreover, consistent with the following language from New Amsterdam Casualty Co. v. J.H. Blackshear, Inc., 116 Fla. 289, 291, 156 So. 695, 696 (1934):
[S]ince the object of the appraisal clause is merely to fix the amount of recoverable damage, it follows that unless liability under the policy for some recoverable amount is affirmatively admitted by the insurer when appraisal is demanded, a refusal of the insured to submit to an appraisal would not be unjustified, since the law does not require the insured to submit to a purely speculative appraisal of damages as to which it may be contended no liability at all exists.
Accordingly, we construe the language of the appraisal provision as intended to permit either party to request an appraisal, the results of which will be binding as to the value of the property and the amount of loss. Should the insurer make the request, it thereby waives any coverage defense it might otherwise have had. However, if the insured requests appraisal, the insurer does not, simply by participating in the appraisal, waive coverage defenses it might have  while the results of the appraisal will be binding on the issues of value of property and amount of loss, the insurer may still litigate the issue of coverage. Based upon this construction of the language, we conclude, further, that the provision is not lacking in mutuality of obligation but, rather, is valid and enforceable. Therefore, we hold that the insurer was entitled to invoke the appraisal provision, thereby waiving any coverage defense; and we reverse and remand with directions that the trial court compel appraisal, and stay the action pending the outcome of that appraisal. We acknowledge that this decision conflicts with those of the Third District Court of Appeal in Country Walk, Gables Court, Robles and Licea. We decline to address the insured's alternative argument that the insurer's request for an appraisal was untimely, because that argument was not presented to the trial court.
REVERSED and REMANDED, with directions.
ERVIN and BOOTH, JJ., concur.