685 So.2d 937 (1996)
PARADISE PLAZA CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
THE REINSURANCE CORPORATION OF NEW YORK, Appellee.
No. 95-2988.
District Court of Appeal of Florida, Third District.
December 19, 1996.
*938 Marc L. Goldman, for appellant.
David L. Deehl, Miami, Michele K. Feinzig, Plantation, for appellee.
Blanchard, Merriam, Adel & Kirkland, Dock A. Blanchard (Ocala) for Academy of Florida Trial Lawyers; Fowler, White, Burnett, Hurley, Banick & Strickroot, Steven E. Stark, for Florida Defense Lawyers Association, as amicus curiae.
Before SCHWARTZ, C.J., and BARKDULL, NESBITT, JORGENSON, COPE, LEVY, GERSTEN, GODERICH, GREEN, FLETCHER and SHEVIN[*], JJ.
SCHWARTZ, Chief Judge.
We have heard this case en banc to reconsider our holding in American Reliance Insurance Co. v. Village Homes at Country Walk, 632 So.2d 106 (Fla. 3d DCA 1994), review denied, 640 So.2d 1106 (Fla.1994), that a contractual reservation of the carrier's right to contest coverage renders a provision for arbitration and appraisal of damages void for lack of mutuality. We now hold that it does not and overrule Village Homes and its offspring.

I.
Like so many others, this case has its genesis in Hurricane Andrew. The Paradise Plaza on Miami Beach was allegedly damaged by its high winds, and the condominium association duly made a claim on its property damage carrier, the Reinsurance Corporation of New York. After the company had rather portentously referred the claim to the fraud division of the Insurance Commissioner's Office and then denied "coverage" essentially because, it said, any nonfraudulently claimed windstorm damage fell within the policy's $28,000.00 deductible, the association sued under the policy in the Dade County Circuit Court. The complaint was met with a motion to dismiss and a concurrent application to refer the damage issue to appraisal pursuant to the following provision:
Appraisal
If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim. [e.s.]
Notwithstanding the plaintiff's argument and our consistent holdings that the retention of the carrier's "right to deny the claim" voided the appraisal provision, the trial judge granted the carrier's motion, stating that "[t]he parties are ordered to binding appraisal on items to determine the damages; the court *939 will determine coverage and coverage litigation will proceed."
On this non-final appeal brought under Fla.R.App.P. 9.130(a)(3)(C)(v), the insured association claims that (a) the appraisal clause was invalid on its face (b) alternatively, that the carrier's invocation of the clause precludes it from claiming lack of coverage and (c) that, in any event, any appraisal should be postponed until judicial determination of the coverage issue. We disagree on all counts.
We now hold, contrary to Village Homes, that a reservation of the insurer's right to contest coverage does not render a damage appraisal clause void for lack of mutuality. Our conclusion to this effect lies in the simple proposition that there is nothing "un-mutual" about a process to the results of which both sides are equally bound. As the Supreme Court long ago held in Hanover Fire Insurance v. Lewis, 28 Fla. 209, 10 So. 297 (1891):
[N]either was the agreement to submit such special question to arbitration a unilateral undertaking binding only on one of the parties thereto; because, upon the face of that covenant, in the policy sued upon that makes provisions for the appraisement of the amount of the loss, and also in the subsequent agreement submitting said special question to two builders, it is expressly stipulated that the findings of such arbitrators as to the amount of the damage should be binding on both parties.
28 Fla. at 248, 10 So. at 303. Our holding is supported by the overwhelming weight, if not, excepting Village Homes and the cases which follow it, a unanimity of authority on the point. E.g., Hardware Dealers' Mut. Fire Ins. Co. v. Glidden Co., 284 U.S. 151, 52 S.Ct. 69, 76 L.Ed. 214 (1931); Hamilton v. Home Ins. Co., 137 U.S. 370, 11 S.Ct. 133, 34 L.Ed. 708 (1890); Midwest Mut. Ins. v. Santiesteban, 287 So.2d 665 (Fla.1973); Hanover, 28 Fla. at 209, 10 So. at 297 (1891); Montalvo v. Travelers Indem. Co., 643 So.2d 648 (Fla. 5th DCA 1994); J.J.F. of Palm Beach, Inc. v. State Farm, Fire & Casualty Co., 634 So.2d 1089 (Fla. 4th DCA 1994); Allstate Ins. Co. v. Candreva, 497 So.2d 980 (Fla. 4th DCA 1986); Nationwide Ins. Co. v. Cooperstock, 472 So.2d 547 (Fla. 4th DCA 1985); Kenilworth, Ins. Co. v. Drake, 396 So.2d 836 (Fla. 2d DCA 1981); Travelers Ins. Co. v. Lee, 358 So.2d 88 (Fla. 3d DCA 1978); Government Employees Ins. Co. v. Mirth, 333 So.2d 545 (Fla. 3d DCA 1976); Hayston v. Allstate Ins. Co., 290 So.2d 67 (Fla. 3d DCA 1974); American Fidelity Fire Ins. Co. v. Richardson, 189 So.2d 486 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 814 (1967); Cruger v. Allstate Ins. Co., 162 So.2d 690 (Fla. 3d DCA 1964). It is particularly significant, we think, that Village Homes has won the support of none of the other courts which have since considered the problem, many of which have explicitly declined to follow its holding. See Childs v. State Farm Fire & Casualty Co., 899 F.Supp. 613 (S.D.Fla.1995); Harold West, P.A. v. State Farm Fire & Casualty Co., No. 93-2102 Civ-Kehoe (S.D.Fla. July 26, 1994)(order granting motion to compel arbitration and to stay litigation); Rosemurgy v. State Farm Fire & Cas. Co., 673 So.2d 989 (Fla. 4th DCA 1996), review granted, 680 So.2d 424 (Fla.1996); Scottsdale Ins. Co. v. Desalvo, 666 So.2d 944 (Fla. 1st DCA 1995). We adopt therefore the reasoning of Judge Cope's dissent in Village Homes and overrule American Reliance Insurance Co. v. Village Homes at Country Walk, 632 So.2d 106 (Fla. 3d DCA 1994), review denied, 640 So.2d 1106 (Fla.1994) and the decisions which have followed that holding.[1]

II.
The association alternatively argues, as the First District in Scottsdale indeed squarely held, that by invoking the appraisal clause, the carrier has effected a binding waiver of its right subsequently to *940 deny coverage under the policy. On this point, we do not agree with Scottsdale, which is apparently the first and only case to reach this conclusion. The unanimous authority to the contrary again beginsand ends, so far as Florida is concernedwith Hanover, 28 Fla. at 209, 10 So. at 297. The arbitration clause in that case provided that:
`In case differences shall arise touching any loss or damage after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to arbitrators indifferently chosen, whose award in writing shall be binding on the parties as to the amount of such loss or damage, but shall not decide the liability of the companies, respectively, under this policy.'

28 Fla. at 242, 10 So. at 301(emphasis added). The court held, contrary to Scottsdale, that the appraisal process did not affect the court's subsequent determination of the carrier's liability under the policy. It stated:
Hence, if, after such ascertainment of the amount of the loss, it should be found that the insurers were legally liable for such loss, they at once became bound for the `amount' ascertained and awarded by such arbitrators.... Both in the policy and in the subsequent submission to the appraisers the liability of the insurers was expressly excepted and reserved from the consideration of said arbitrators. The naked question submitted to them was: What is the amount of the damage here? Whether the insurers were legally liable, or obligated to pay that loss, was not submitted to them, and did not enter into their sphere of inquiry, nor into their award, and depended upon the settlement of divers other independent circumstances and conditions growing out of the contract between the parties.

28 Fla. at 248-49, 10 So. at 303 (emphasis added). The provision in the present policy granting the carrier the "right to deny the claim" is the functional equivalent of the Hanover clause that the arbitrators "shall not decide the [carrier's] liability." More important, both implicate the general rule that no waiver may be inferred in the face of a specific contractual provision, a "nonwaiver clause," which precludes it. See § 627.426(2),(b),2, Fla. Stat. (1995)("A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless ... the insurer ... [o]btains from the insured a nonwaiver agreement..."); Tiedtke v. Fidelity & Casualty Co., 222 So.2d 206 (Fla.1969); Bergh v. Canadian Universal Ins. Co., 216 So.2d 436 (Fla.1968); see also Roe v. Amica Mut. Ins. Co., 533 So.2d 279 (Fla.1988)(impliedly holding that appraisal does not waive policy defenses by permitting liability determination after arbitration); Meade v. Lumbermens Mut. Casualty Co., 423 So.2d 908 (Fla.1982)(same); Santiesteban, 287 So.2d at 665 (Fla. 1973)(same); Montalvo, 643 So.2d at 648 (same); Richardson, 189 So.2d at 486 (same). We follow that rule here. We certify that this holding is in direct conflict with Scottsdale.[2]

*941 III.
Nor do we agree with the insured that the trial court erroneously ordered the appraisal to proceed before its determination of any coverage issue. In support of this contention, the argument is made that it is unfair to require the insured, as the appraisal clause provides, to bear his share of the costs of the appraisal, if it is later determined that there is no coverage and that he is therefore entitled to nothing. The simple answer is that both the insured and the carrier have specifically agreed to these costs which are just as necessary to the processing of the claim as the filing fee or the cost of submitting proofs of loss. There is no reason therefore for relieving either the insured or the carrier of that obligation.
Far more importantly, the rule espoused by the insuredthat in every case coverage questions must be resolved by the court before arbitrationmight have severely adverse effects on the expeditious, out of court disposition of litigation, which is the very reason that arbitration is such a favored remedy. See Roe, 533 So.2d at 279; State Farm Fire & Casualty Co. v. Middleton, 648 So.2d 1200 (Fla. 3d DCA 1995). In many, perhaps most, of these cases the most contentious and significant issue is just the appraisable one of damages. We have already noted that
a great deal of judicial resources which might otherwise be required in resolving the factual and legal issues involved in the [coverage question might] be saved at the threshold by a relatively swift and informal decision by the appraisers as to the amount of the loss.
Middleton, 648 So.2d at 1202 (footnote omitted). Moreover, the "coverage first" rule might inefficiently require insurers to litigate even tenuous coverage defenses because of an unavoidable uncertainty as to their ultimate exposure. Such a waste of economic and judicial resources should not be encouraged.
All in all, we believe that the issue of the order in which the issues of damages and coverage are to be determined respectively by arbitration and the court should be left within the discretion of the trial judge. See Ronbeck Constr. Co., Inc. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992); Sabates v. International Medical Ctrs., 450 So.2d 514 (Fla. 3d DCA 1984); 4 Fla.Jur.2d Arbitration and Award § 54 (1994). But see Middleton, 648 So.2d at 1203 (requiring, under the facts, that damages be first determined by appraisal). In exercising that discretion, the trial court may consider all of the elements to which we have referred, including the costs involved and the relative importance and viability of the damages and the coverage issues, respectively. In this instance, we find no abuse of discretion in the order for appraisal to proceed first.
Affirmed,[3] conflict certified.
BARKDULL, NESBITT, COPE, LEVY, GERSTEN, GODERICH, GREEN, FLETCHER and SHEVIN, JJ., concur.
JORGENSON, Judge, dissenting.
I would adhere to the panel opinion in American Reliance Ins. Co. v. Village Homes at Country Walk, 632 So.2d 106 (Fla. 3d DCA 1994). In that opinion, we held that "the insurer's reservation of its right to deny the claim destroys the mutuality of obligation, is incompatible with the goals of arbitration, and renders illusory any purported agreement to binding arbitration." American Reliance, 632 So.2d at 107-08.
The court today not only holds that the arbitration clause is enforceable, but requires a policy holder to front half of the costs of the appraisal of a claim that the carrier may ultimately deny. One wonders what value a *942 policy holder has received for his premium dollar.
NOTES
[*] Judge Shevin did not hear oral argument.
[1] Robles v. Harco Nat'l Ins. Co., 669 So.2d 1049 (Fla. 3d DCA 1995), review granted, 667 So.2d 774 (Fla.1996); State Farm Fire & Casualty Co. v. Licea, 649 So.2d 910 (Fla. 3d DCA 1995), review granted, 662 So.2d 933 (Fla.1995); American Reliance Ins. Co. v. Elan at Calusa Condominium I Ass'n, 640 So.2d 1172 (Fla. 3d DCA 1994), review dismissed, 649 So.2d 232 (Fla.1994); Gables Court Professional Centre, Inc., v. Merrimack Mut. Fire Ins. Co., 642 So.2d 74 (Fla. 3d DCA 1994), review dismissed, 650 So.2d 990 (Fla.1994); American Reliance Ins. Co. v. Mandy & Landsman, P.A., 644 So.2d 1037 (Fla. 3d DCA 1994).
[2] The Scottsdale decision relies heavily upon the dissent in Village Homes, which it purports to adopt. With respect, Judge Cope's opinion does not bear that interpretation. While it suggests that a purpose of the "right to deny" clause might be to advise the insured that if he invoked appraisal, the insurer did not abandon coverage defenses, it does not state nor imply that the converse is true.

Scottsdale also relies on New Amsterdam Casualty Co. v. J.H. Blackshear, Inc., 116 Fla. 289, 156 So. 695 (1934), for the reverse proposition that a company which has denied coverage is not then entitled to appraisal. See also Pollock v. Reserve Ins. Co., 258 So.2d 328 (Fla. 3d DCA 1972); American Southern Ins. Co. v. Daniel, 198 So.2d 850 (Fla. 1st DCA 1967). Not only is this issue entirely different from the one before us, New Amsterdam is decisively distinguishable because, unlike Hanover and this case, it did not involve a policy provision that submission to appraisal does not waive coverage defenses. (Moreover, New Amsterdam is also different because the appraisal clause there was a condition precedent to bringing an action, as opposed to the present one which applies in already pending litigation, where, in turn, the assertion of alternative and even contradictory positions is of course permitted. See 14 Couch on Insurance 2d §§ 50:41, 50:68 (rev. ed.1982). Even in the case of a "condition precedent," moreover, the "waiver of arbitration by denial of coverage" rule does not apply when, as in this instance, the carrier does not unequivocally deny liability under the policy, but contends rather that the claim is not payable because it is factually unjustified or is less than the deductible. See Imperial Sav. Ass'n v. Lewis, 730 F.Supp. 1068 (D.Utah 1990); Chambers v. Home Ins. of New York, 241 Ala. 20, 1 So.2d 15 (1941); Pollina v. State Mut. Rodded Fire Ins. Co. of Michigan, 249 Mich. 121, 227 N.W. 765 (1929); American Cent. Ins. Co. v. Bass, 90 Tex. 380, 38 S.W. 1119 (1897).)
[3] We leave to a Higher (non-judicial) Authority the consequence of the trial court's failure to follow a then-binding decision of this court as it was supposedly "required" to do. It may at least be said, however, that the affirmance of its decision demonstrates, notwithstanding what is sometimes said, that a lower court has the juridical "power" and "authority" to do so. See Van Horn v. State, 485 So.2d 1380, 1382 n. 3 (Fla. 3d DCA 1986)(Schwartz, C.J., dissenting), approved, 498 So.2d 426 (Fla.1986). The wisdom of taking such a course may be another matter.