685 So.2d 1285 (1996)
STATE FARM FIRE AND CASUALTY COMPANY, Petitioner,
v.
Elicer LICEA, et al., Respondent.
No. 85200.
Supreme Court of Florida.
December 19, 1996.
*1286 Linwood Anderson of the Law Offices of Charlton Lee Hunter, Miami; and Elizabeth K. Russo of Russo & Talisman, P.A., Coconut Grove, for Petitioner.
Hal Vogel of Hal S. Vogel, P.A., Hollywood; and Barry I. Finkel of Frankel & Finkel, P.A., Fort Lauderdale, for Respondent.
Raymond Ehrlich and Scott D. Makar of Holland & Knight, Jacksonville, for American Insurance Association, Amicus Curiae.
Gary Gerrard and Denis V. Powers of Gerrard & Powers, Coral Gables, for Academy of Florida Trial Lawyers, Amicus Curiae.
HARDING, Justice.
We have for review the decision in State Farm Fire and Casualty Co. v. Licea, 649 So.2d 910 (Fla. 3d DCA 1995), which certified conflict with the opinions in Montalvo v. Travelers Indemnity Co., 643 So.2d 648 (Fla. 5th DCA 1994), J.J.F. of Palm Beach Inc. v. State Farm Fire & Casualty Co., 634 So.2d 1089 (Fla. 4th DCA 1994), United States Fidelity & Guaranty Co. v. Woolard, 523 So.2d 798 (Fla. 1st DCA 1988), and Kenilworth Insurance Co. v. Drake, 396 So.2d 836 (Fla. 2d DCA 1981). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The trial court held that the appraisal clause contained in the Licea's homeowner's policy was void for lack of mutuality. The Third District Court of Appeal affirmed on the basis of stare decisis, citing their decision in American Reliance Insurance Co. v. Village Homes at Country Walk, 632 So.2d 106 (Fla. 3d DCA), review denied 640 So.2d 1106 (Fla.1994). Licea, 649 So.2d at 912. We quash the decision under review.
The Liceas' home was damaged by hurricane Andrew, and there was a dispute as to the amount of damage. The terms of the Liceas' insurance policy with State Farm provided that if such a dispute arose, the parties were each required to select an appraiser, and the two appraisers would then select an impartial umpire. If the appraisers were unable to agree on an umpire, the parties would petition the court to appoint one. An agreement in writing by any two of the three (two appraisers and one umpire) would set the amount of the loss. The appraisers were unable to agree, and State Farm filed with the trial court for appointment of an umpire.
Although the policy provided that both parties were bound by the valuation agreed upon by the appraisers and the umpire, another section of the policy stated: "Our request for an appraisal or examination shall not waive any of our rights." The Liceas argued that because State Farm reserved its rights, the parties were not equally bound by the amount of the appraisal, and the appraisal clause was therefore void for lack of mutuality under the Third District Court of Appeal's reasoning in Country Walk. Based on that decision, the trial court denied State Farm's motion for appointment of an umpire.
The Third District Court of Appeal affirmed. The court began its analysis by stating:
This panel is of the opinion that Judge Cope's dissent in Country Walk sets forth the correct rule of law, to wit: That by participating in an arbitration proceeding to determine the amount of loss suffered by an insured the insurer is in no way deprived of the right to later contest the existence of insurance coverage for that loss.
Licea, 649 So.2d at 911. The court went on to cite some twenty cases from its own and other districts, from the United States Supreme Court, and from this Court, all suggesting that issues of coverage are properly decided by courts, regardless of arbitration or appraisal clauses. However, it reluctantly held that it was bound to follow Country Walk: "Under the circumstances this panel *1287 is compelled, by the doctrine of stare decisis, to follow this court's earlier decision in Country Walk." Licea, 649 So.2d at 912. The court affirmed the trial court, but certified conflict with a decision from each of the other four districts.
Each of the four conflict cases holds that coverage questions are outside the scope of arbitration or appraisal proceedings. The Fifth District Court of Appeal held in Montalvo that the courts could change the arbitration award pursuant to a properly raised coverage defense. Montalvo, 643 So.2d at 650. The Fourth District Court of Appeal held in J.J.F. of Palm Beach, Inc. that although the arbitrator's decision was not to be disturbed in that case, issues of coverage were still reserved to the courts to determine whether a claim is covered by the policy. J.J.F. of Palm Beach, Inc., 634 So.2d at 1090. The Second District Court of Appeal held in Woolard that coverage questions were properly decided by the court, not by arbitration. Woolard, 523 So.2d at 799. The First District Court of Appeal held in Drake that the arbitration provisions were binding as to liability and damages, but determination of coverage was reserved to the courts. Drake, 396 So.2d at 838.
The Third District Court in Country Walk reached a different result from these other courts. In Country Walk, the court dealt with a factual situation substantially equivalent to the instant case. After the housing development at Country Walk was damaged by hurricane Andrew, the community sued American Reliance Insurance Company, its insurer. Country Walk, 632 So.2d at 107. The trial court denied the insurer's motion to dismiss the suit and compel arbitration according to the terms of its casualty insurance policy with the community. Id. The appraisal clause contained in the policy was substantially the same as the State Farm clause: it provided for two appraisers and an umpire, with agreement by any two of the three constituting a binding decision. Id. American Reliance, like State Farm, also inserted a "retained rights" clause into the policy: "If there is an appraisal, we will still retain our right to deny the claim." Id. (emphasis removed).
The district court of appeal held that because of this retained rights clause, there was no mutuality of obligation, and the contract was void; it affirmed the trial court's decision. Id. at 107-08. "[T]he insurer's reservation of its right to deny the claim destroys mutuality of obligation, is incompatible with the goals of arbitration, and renders illusory any purported agreement to submit to binding arbitration." Id.
In dissent, Judge Cope argued that the law of contracts clearly states that any interpretation of a contract or term which "gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect." Id. at 108 (quoting Restatement (Second) of Contracts § 203 (1981)). Because the policy provided that an agreement by the two appraisers (or one appraiser and the umpire) would be binding as to the amount, Judge Cope suggested that there was mutuality of obligation. Id. "The purpose of the `right to deny' sentence is to state, quite simply, that if the insured requests an appraisal and the insurer proceeds with the appraisal process, the insurer has not thereby abandoned any coverage defenses which may be available to it." Id. Judge Cope cited language from this Court's opinion in Hanover Fire Insurance Co. v. Lewis, where we interpreted a similar clause: "`[I]f, after such ascertainment of the amount of the loss, it should be found that the insurers were legally liable for such loss, they at once became bound for the "amount" ascertained and awarded by such arbitrators.'" Country Walk, 632 So.2d at 109 (Cope, J., dissenting) (quoting Hanover Fire Ins. Co. v. Lewis, 28 Fla. 209, 242, 10 So. 297, 303 (1891)). We believe this is the better interpretation. Even the Licea panel thought Judge Cope's analysis set forth the correct rule of law. Licea, 649 So.2d at 911. As this Court pointed out in Midwest Mutual Insurance Co. v. Santiesteban, 287 So.2d 665 (Fla.1974), "A challenge of coverage is exclusively a judicial question ...." Id. at 667. If a court decides that coverage exists, the dollar value *1288 agreed upon under the appraisal process will be binding upon both parties.
Thus, where there is a demand for an appraisal under the policy, the only "defenses" which remain for the insurer to assert are that there is no coverage under the policy for the loss as a whole or that there has been a violation of the usual policy conditions such as fraud, lack of notice, and failure to cooperate. We interpret the appraisal clause to require an assessment of the amount of a loss. This necessarily includes determinations as to the cost of repair or replacement and whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes.
For the reasons discussed, we hold that the appraisal clause at issue is not void for lack of mutuality of obligation simply because of a retained rights clause, where we interpret the clause as retaining only the right to dispute the issues of coverage as to the whole loss, or whether the policy conditions have been violated as specified above. We quash the decision of the Third District Court of Appeal in Licea, disapprove the opinion of the Third District Court in Country Walk, and remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.