JORGENSON, Judge,
dissenting.
I would adhere to the panel opinion in American Reliance Ins. Co. v. Village Homes at Country Walk, 632 So.2d 106 (Fla. 3d DCA 1994). In that opinion, we held that “the insurer’s reservation of its right to deny the claim destroys the mutuality of obligation, is incompatible with the goals of arbitration, and renders illusory any purported agreement to binding arbitration.” American Reliance, 632 So.2d at 107-08.
The court today not only holds that the arbitration clause is enforceable, but requires a policy holder to front half of the costs of the appraisal of a claim that the carrier may ultimately deny. One wonders what value a *942 policy holder has received for his premium dollar.