WOLF, Judge.
Commercial Union seeks review of a nonfi-nal order denying its motion to dismiss and requesting the parties be compelled to resort to appraisal to resolve their differences regarding the amount of loss sustained to ap-pellee’s property. We grant review, pursuant to Florida Appellate Rule 9.130(a)(3)(C)(v).[1] We reverse and remand the case to the trial court with directions to compel the appraisal.
Commercial Union issued a policy insuring appellee’s restaurant against property damage. The policy contains an appraisal clause which provides,
Appraisal
If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim.
Appellee’s restaurant suffered extensive fire damage. Subsequently, appellee filed a claim seeking damages for the building, contents and loss of business income. Commercial Union made an initial advance payment of $60,000, but disputed the estimated loss to the building and contents. It invoked the appraisal clause, but appellee refused to hire an appraiser. Instead, appellee filed a complaint against Commercial Union for breach of contract. Commercial, in turn, filed a Motion to Dismiss and Compel Appraisal pursuant to the appraisal clause. The trial court denied the motion to dismiss without reference to the request for an appraisal.
Appellee argues the appraisal clause lacks mutuality of obligation; therefore, it is unenforceable. The supreme court rejected such an argument in State Farm Fire and Casualty Co. v. Licea, 685 So.2d 1285, 21 Fla. L. Weekly S543 (Fla. Dec. 19, 1996).
Reversed.
BOOTH and PADOVANO, JJ., concur.

. We note that the appraisal provision within the policy in this case is equivalent to an arbitration clause and thus, the order in this case is appeal-able.