[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10668

Non-Argument Calendar

_____

MARY ANN GUZY,

Plaintiff-Appellant,

*versus*

QBE SPECIALTY INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-23169-MGC

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

QBE Specialty Insurance Company insured a Miami residential property owned by Mary Ann Guzy. In late November or early December 2016, a pipe leaked and caused damage to Guzy's unit. The parties disputed the value of the loss and ultimately entered into an appraisal agreement. That agreement provided that the "Award of Appraisal shall address only loss or damage caused by the reported water loss occurring on or about November 30, 2016, and shall not consider damage caused by any other events or non-covered perils." In this action, Guzy argues that QBE breached this agreement by sending an email to the appraisal umpire with evidence that the damage Guzy claimed resulted from the November 2016 leak instead resulted from a subsequent 2017 leak. The district court dismissed Guzy's Second Amended Complaint with prejudice, and we affirm. The appraisal agreement required the consideration of other losses to ensure that the final appraisal award related only to the November 2016 loss. Accordingly, Guzy has not stated a claim for breach of the appraisal agreement.

## I.

In April 2016, Guzy and QBE entered into a residential insurance agreement covering Guzy's Miami condominium unit. The policy period was effective for one year. In late November or

early December 2016, a pipe leaked above Guzy's unit and caused damage to her property. She timely filed a claim with QBE and QBE issued various payments to Guzy totaling $367,000.

About sixty days after the first leak, Guzy's property suffered a second loss. Guzy alleges that she notified QBE of this second loss and QBE indicated that no further payments stemming from the first loss would be made. Guzy then filed an action in state court for breach of contract. Guzy claimed that the actual value of the first loss exceeds the $367,000 she received up to that point. QBE removed that action to the Southern District of Florida, and about a year later that lawsuit was dismissed without prejudice on a joint stipulation of the parties. The parties instead entered into a Memorandum of Appraisal. The terms of the appraisal agreement provided that an appraisal panel would be established consisting of one appraiser chosen by each party and an umpire chosen by the appraisers. The agreement of two out of the three was required to set the amount of the loss.

In this action, Guzy alleges that QBE violated the appraisal agreement. The agreement provides that the "Award of Appraisal shall address only loss or damage caused by the reported water loss occurring on or about November 30, 2016, and shall not consider damage caused by any other events or non-covered perils." Guzy says that QBE caused this provision to be violated when its appraiser sent an objection email to the umpire stating that the second loss was the "more significant event" and caused a "majority of the damage." Guzy's theory is that this violated the

appraisal agreement because it forced a determination of the size and scope of the second loss.[1]

Shortly after QBE's email, Guzy withdrew from the appraisal process and filed this suit in state court. QBE again removed the action to the Southern District of Florida. Guzy's complaint was dismissed twice without prejudice before she filed the now-operative Second Amended Complaint. That complaint brings two counts for breach of the appraisal agreement and breach of the underlying insurance policy.

The district court dismissed the Second Amended Complaint with prejudice. The court found that QBE's email urges the umpire "*not to consider* damage that occurred after the November 30, 2016 incident." This request was therefore consistent with the terms of the appraisal agreement and did not amount to a breach. And because Guzy did not allege a breach of the appraisal agreement, the district court held that she also did not allege a breach of the underlying policy. This appeal followed.

---

[1] Guzy also alleges that QBE violated the term of the appraisal agreement that required the parties to "make their best efforts" to "complete the appraisal within 90 days." Though the appraisal process was not complete within 90 days, the appraisal agreement also provides that failure to do so shall not be considered a breach of the agreement. The district court held that Guzy abandoned this claim by not addressing it in opposition to QBE's motion to dismiss, and she does not raise it on appeal.

## II.

We review the dismissal of a complaint for failure to state a claim de novo. *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). We must accept allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Id.* "To survive a motion to dismiss, a plaintiff needs to allege facts that are 'plausible on their face,' and 'raise a right to relief above the speculative level.'" *Dorman v. Aronofsky*, 36 F.4th 1306, 1312 (11th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (alterations adopted).

## III.

On appeal, Guzy acknowledges that to "measure the amount only of the covered loss required intentional knowledge of and exclusion of the second loss." Nonetheless, Guzy maintains that the appraisal agreement "prohibited" consideration of the second loss evidence. Guzy's position appears to be that the appraisal agreement both required the appraisal process to separate out the damage caused by the two losses and prohibited entirely consideration of the second loss.

We do not agree with this absurd result. The appraisal agreement requires that the "Award of Appraisal" shall not consider damage caused by other events. As a matter of logic, to ensure that the award only covered damage caused by the November 2016 leak, the appraisal process necessarily must consider other possible causes for the damage claimed. As a matter

of law, the Florida Supreme Court has stated that "an assessment of the amount of a loss" necessarily includes a determination "whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered." *State Farm Fire & Cas. Co. v. Licea*, 685 So. 2d 1285, 1288 (Fla. 1996).  Guzy's reading of the appraisal agreement contravenes this basic principle and is implausible.

The appraisal agreement thus required the appraisal process to determine the extent of the damage caused by the November 2016 loss, rather than any subsequent loss event.  QBE's objection email was consistent with the terms of the agreement.  In the email, QBE identifies newly received photographs documenting the second leak that dispute Guzy's claim that the leak was only a minor event that caused minimal damage.  QBE was clear that it raised the second leak because the "appraisal may only determine the damage arising from the November 29, 2016 loss."  In QBE's view, the photographs demonstrated that "a majority of the damage that Ms. Guzy relates to the claim at issue resulted from a second loss and other losses afterward."  And in the end, the resulting appraisal award—issued after Guzy's withdrawal—values the damages resulting only from the November 2016 loss.  Guzy's allegations, taken as true, do not establish a breach of the appraisal

agreement.    Accordingly, we affirm the district court's order dismissing the Second Amended Complaint.[2]

Finally, the district court did not abuse its discretion in dismissing with prejudice.  Guzy did not move to amend her complaint another time.  As a counseled civil litigant, she is therefore not entitled to leave to amend. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).  And even if she had moved to amend, a district court is not required to allow an amendment where, as here, there has been "repeated failure to cure deficiencies by amendments previously allowed." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

★    ★    ★

The district court's order dismissing the Second Amended Complaint with prejudice is **AFFIRMED**.

---

[2] On appeal Guzy does not challenge the dismissal of the Second Amended Complaint's claim that QBE breached the underlying insurance policy.