IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

STATE FARM FLORIDA INSURANCE
COMPANY,

      Appellant,

 v.

      Case No.  5D22-72
      LT Case No. 2020-CA-1300-A

CARL HOCHREITER AND MELISSA
HOCHREITER,

      Appellees.

_____/

Opinion filed February 3, 2023

Appeal from the Circuit Court
for St. Johns County,
Howard M. Maltz, Judge.

Bretton C. Albrecht, of Kubicki
Draper, P.A., Fort Lauderdale, for
Appellant.

George A. Vaka, Nancy A. Lauten,
and Robert C. Hubbard, of Vaka Law
Group, Tampa, for Appellees.


PER CURIAM.

This case involves a judgment entered against State Farm Insurance Company in favor of their insureds, Carl Hochreiter and Melissa Hochreiter, whose home incurred roof damage in a hailstorm. Part of the insurance policy at issue included ordinance/law coverage, which provided additional coverage, for the increased cost of construction that resulted from compliance with a building ordinance or law.

After a dispute arose regarding the scope and amount of damages, the Hochreiters sued State Farm, who responded to the complaint with a demand for appraisal, a stay of litigation, and an extension of time to respond to the complaint. The trial court granted the demand and retained jurisdiction "regarding the issue of fees and costs and other post-appraisal matters of coverage, if any, once appraisal is complete." The order also said that State Farm was required to file a response to the complaint "within twenty (20) days following the conclusion of appraisal *if any issues remain.*" (Emphasis added). The order did not specify whether the issues that remain must relate to the initial appraisal stage of the litigation in which the appraisal was prepared or the subsequent stage during which the trial court has jurisdiction to adjudicate disputed issues related to coverage or compliance with the insurance policy. Thereafter, an appraisal award for roof repairs was

2

prepared, stating that "[a]ny payments are subject to all policy provisions and limitations that may apply."

The Hochreiters moved to confirm the appraisal award, arguing, in part, that State Farm failed to respond to their complaint and raise defenses within twenty days of the signed appraisal, thereby requiring confirmation of the appraisal award. A hearing on the motion was held soon thereafter, prior to which State Farm argued in its response that the Hochreiters had "failed to provide substantiation of the relevant Florida Building Codes, which required the roof be replaced." State Farm claimed that no payment was due because policy provisions had not yet been met. State Farm requested an evidentiary hearing on these defenses. The trial court, however granted the motion to confirm orally at the hearing and issued an order a few days later explaining that State Farm "failed to timely assert any affirmative defenses" pursuant to the trial court's order that granted an appraisal.

State Farm now appeals from the final judgment, asserting that the trial court failed to provide adequate due process by jumping directly from the appraisal award to a judgment on the merits without consideration or adjudication of the insurer's defenses. We agree. Construing the trial court's order on appraisal as a basis for summarily depriving State Farm of its right to defend on the substantive merits of the complaint or defenses that only a

3

court may adjudicate was error. *See State Farm Fire & Cas. Co. v. Licea*, 685 So. 2d 1285, 1288 (Fla. 1996); *SafePoint Ins. Co. v. Hallet*, 322 So. 3d 204, 207–08 (Fla. 5th DCA 2021). Indeed, the order failed to clearly indicate that State Farm was required to present all of its defenses on the substantive merits of the complaint, versus just aspects of the appraisal award, which by itself does not determine the merits of contractual defenses.

For these reasons, we reverse the partial final judgment and remand for further proceedings that include consideration and adjudication of State Farm's defenses.

REVERSED and REMANDED.

EVANDER, MAKAR and EDWARDS, JJ., concur.