HARDING, Justice.
We have for review Robles v. Harco National Insurance Co., 669 So.2d 1049 (Fla. 3d DCA 1995), which expressly and directly conflicts with our decision in State Farm Fire & Casualty Co. v. Licea, 685 So.2d 1285 (Fla.1996). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Robles’ dump truck was stolen and he filed a claim with Harco, his insurer. After the parties submitted to an appraisal, as provided for in the policy, Robles refused the amount agreed upon under the appraisal process and filed suit. The trial court granted Harco’s motion for summary judgment. The Third District Court of Appeal reversed, holding that under its decision in American Reliance Ins. Co. v. Village Homes at Country Walk, 632 So.2d 106 (Fla. 3d DCA), review denied, 640 So.2d 1106 (Fla.1994), the appraisal clause was void for lack of mutuality of obligation because Harco reserved the right to deny the claim even if it submitted to an appraisal.
We considered this exact issue in Licea. There we held that appraisal clauses are not void for lack of mutuality of obligation simply because of retained rights clauses, where we interpret such clauses as retaining only the right to dispute the issues of coverage as to the whole loss, or whether the policy conditions have been violated in certain ways. See Licea, 685 So.2d at 1288.
We therefore quash the decision of the district court below and remand for proceedings consistent with Licea.
It is so ordered.
OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.