PER CURIAM.
We have for review the decision in Rosemurgy v. State Farm Fire & Casualty Co., 673 So.2d 989 (Fla. 4th DCA 1996), which certified conflict with the opinions in State Farm Fire & Casualty Co. v. Licea, 649 So.2d 910 (Fla. 3d DCA), quashed, 685 So.2d 1285 (Fla.1996), Gables Court Professional Centre, Inc. v. Merrimack Mutual Fire Insurance Co., 642 So.2d 74 (Fla. 3d DCA), review dismissed, 650 So.2d 990 (Fla.1994), Robles v. Harco National Insurance Co., 669 So.2d 1049 (Fla. 3d DCA 1995), quashed, 685 So.2d 1288 (Fla. Dec. 26,1996), and American Reliance Insurance Co. v. Village Homes at Country Walk, 632 So.2d 106 (Fla. 3d DCA), review denied, 640 So.2d 1106 (Fla.1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Rosemurgy relied on Scottsdale Insurance Co. v. Desalvo, 666 So.2d 944 (Fla. 1st DCA 1995), to affirm the trial court’s dismissal of a complaint challenging an insurance appraisal clause. We have recently held that appraisal clauses are not void for lack of mutuality of obligation simply because of retained rights clauses, where we interpret such clauses as retaining only the right to dispute the issues of coverage as to the whole loss, or whether the policy conditions have been violated in certain ways. See State Farm Fire & Casualty Co. v. Licea, 685 So.2d 1285 (Fla.1996).
Accordingly, we approve both the decision of the district court below and the First District Court of Appeal’s opinion in Desalvo, to the extent they are consistent with our holding in Licea. We have now quashed the Third District Court of Appeal’s decision in Robles, See Harco National Insurance Co. v. Robles, 685 So.2d 1288 (Fla.1996). We have also already quashed the Third District Court of Appeal’s decision in Licea, and disapproved Country Walk. See State Farm Fire and Casualty Co. v. Licea, 685 So.2d 1285 (Fla.1996). We now disapprove the Third District Court of Appeal’s opinion in Gables Court Professional Centre.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.