[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 05-16690 & 05-17033

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 12, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-01832 CV-ORL-DAB

ALLAN MAY
MICHELLE MAY,

Plaintiffs-Appellants-
Cross Appellees,

versus

NYGARD HOLDINGS LIMITED,
d.b.a. Nygard Cay Bahamas,
d.b.a. NCBR,

Defendants-Appellees-
Cross Appellants,

PETER J. NYGARD, individually,
NYGARD INTERNATIONAL PARTNERSHIP,
a foreign partnership,
NYGARD PROPERTIES, LTD., a foreign corporation,
f.k.a. Nygard International LTD,

Defendants-Appellees.

Appeals from the United States District Court
for the Middle District of Florida

**(October 12, 2006)**

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

Allan and Michelle May, a married couple from Florida, filed a lawsuit against their employers for breach of employment contracts, fraud in the inducement to enter into those contracts, and declaratory judgment that certain terms of the employment contracts were unenforceable. Defendants Nygard Holdings Limited ("Holdings"), Nygard International Partnership ("the Partnership"), and Peter J. Nygard, moved to dismiss the action for lack of personal jurisdiction. The district court denied the motion to dismiss. The parties consented to try the case to a magistrate judge. Thereafter, Defendants filed another motion to dismiss, based upon the doctrine of forum non conveniens. The magistrate judge denied that motion.

The Mays moved for summary judgment on their contract claims, claiming that Defendants breached the employment contracts by, among other things, failing to obtain work permits for the Mays and failing to pay them salary they earned prior to leaving their jobs. Defendants filed a cross-motion for summary judgment on all of

2

the Mays's claims. The court granted the Mays summary judgment on only one claim –that Holdings breached its contractual duty to pay the Mays salary that they had earned. Thus, the court entered judgment in the amount of $929 to each of the Mays. On all other claims, the trial court granted summary judgment for Defendants.

In this court, the Mays complain that the trial court erred in finding that the Defendants did not breach any contractual duty other than Holdings's duty to pay the Mays's salary. They also argue that the trial court erred in holding that the Mays's claim for fraud in the inducement was barred by the economic loss rule and failed because the Mays had proven no damages resulting from the alleged fraud. Holdings cross-appeals, complaining that the trial court lacked personal jurisdiction over it and, even if it had personal jurisdiction over it, that the court should have declined to adjudicate the case pursuant to the doctrine of forum non conveniens. Holdings also argues that it had no duty, contractual or otherwise, to procure work permits for the Mays.

After consideration of the briefs and examination of the record, we find no error in the trial court's denials of the Defendants' motions to dismiss. The courts properly exercised personal jurisdiction over the Defendants and refused to dismiss the case based upon the doctrine of forum non conveniens.

3

We also find no merit in the Mays's contentions that Defendants breached their employment contracts in ways other than Holdings's failure to pay the Mays salary they earned before leaving Holdings's employ. Therefore, we affirm the judgment of the trial court as to the breach of contract claims.

However, we find that the trial court erred in granting summary judgment to Defendants on the fraud in the inducement claim. We agree with the trial court that most of the misrepresentations that the Mays allege are inactionable. However, as the court acknowledged, there are genuine issues of fact in dispute as to whether Defendants intentionally deceived the Mays regarding Defendants' possession of a "blanket work permit" and Defendants' intention to obtain work permits covering the Mays. (R.21-178 at 15.) Nonetheless, the court found that the claim for fraudulent inducement failed because it was barred by the economic loss rule and because the Mays had presented no evidence of damages caused by the alleged fraud. In these findings, the court erred.

The Mays's claim for fraudulent inducement is not barred by the economic loss rule. The district court properly found that the Mays could not maintain their claim that Defendants had breached a contractual duty to provide the Mays with work permits. However, this finding is irrelevant to the fraud in the inducement claim. Fraudulent inducement is a claim independent of a breach of contract claim; it

4

requires proof of facts separate and distinct from those required to demonstrate breach of contract. *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So.2d 1238, 1239 (Fla. 1996). The Mays alleged that Defendants knowingly made false representations regarding the existence of a "blanket work permit" and the Defendants' intention to obtain work permits for the Mays. The Mays further allege that these misrepresentations convinced the Mays to contract for employment with Defendants. And, at the summary judgment stage, the Mays presented some evidence to support those allegations. (R.9-151 Ex. H ¶¶ 6, 8, 13.) This is enough to survive a motion for summary judgment.

We note that Defendants did not argue in their summary judgment submissions that the Mays had no damages resulting from the alleged fraud. (R.9-151.) Therefore, the Mays had no obligation to present proof of damages at the summary judgment stage. For that reason alone, the magistrate judge should not have granted Defendants summary judgment on the fraudulent inducement claim due to a lack of proof of damages. Moreover, the record contains some evidence that the Mays did incur damages as a result of their decisions to accept employment with Defendants, decisions that they allege were procured through fraud. There is evidence that the Mays paid to break the lease on their apartment, store their personal effects, and travel to the Bahamas to work for Defendants. (R.9-151 Ex. H ¶¶ 8, 10.)

For the foregoing reasons, we affirm the partial grant of summary judgment to the Mays and partial grant of summary judgment to Defendants on the breach of contract claims. We reverse the grant of summary judgment to Defendants on the fraud in the inducement claim, but only to the extent that the claim relies on misrepresentations about the work permits.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.