PER CURIAM.
Appellant, First Protective Insurance Company, appeals from a final judgment confirming an appraisal award. Specifically, First Protective challenges the trial court’s failure to reduce the appraisal award by applying the award limitations enumerated in the insurance policy. We affirm the trial court’s confirmation of the original appraisal award.

Facts

Erika Hess was insured through a homeowner’s policy issued by First Protective. The policy provided a $1,000.00 deductible for all perils except those caused by hurricanes. It also provided limitations on recovery for specific categories of damages, as set forth below:
Special Limits of Liability. These limits do not increase the Coverage C limit of liability. The special limit for each numbered category below is the total limit for all property in that category.
1. $200 on money, bank notes, bullion, gold other than
goldware, silver other than silverware, platinum coins, and medals.
[[Image here]]
5. $1,000 for loss by theft of jewelry, watches, furs, precious and semi-precious stones.
[[Image here]]
8. $2,500 on property, on the “residence premises” used at any time or in any manner for any “business” purpose.
Hess made a claim with First Protective for losses suffered after her home was burglarized. First Protective invoked the policy’s appraisal process. The umpire issued an award to Hess in the amount of $130,011.53. The award was distributed as follows: $22,499.95 under Coverage “A” Building and $107,311.58 under Coverage “C” Personal Property. The appraisal did not include an itemization of Appellee’s lost personal property and the corresponding values. The appraisal award contained the following provision:
This award does not include nor does this award account for or deduct the insured’s deductible and/or any prior or advance payments that were made to the insured by this insurer or any other insurer if any. Additionally, this award does not consider any limitations or exclusions which may or may not exist under the terms of the contract of insurance.
First Protective calculated the necessary payment to satisfy the loss subject to the policy’s deductible, personal property policy limitations, and prior payments. The letter accompanying the check listed the following deductions to the personal property award of $107,311.58:
• $41,805.00 — the amount awarded in excess of the $1,000.00 Jewelry Limit;
• $6,086.00 — the amount awarded in excess of the $200.00 Cash Limit;
• $2,192.00 — the amount awarded in excess of $2,500.00 Business Property Limit;
*484 • $3,320.40 — the tax awarded for the amounts in excess of the policy limits;
• $28,053.88 — prior payments for loss of personal property; and
• $1,000.00 — the applicable deductible.
After those deductions, First Protective determined Hess was entitled to $28,994.36.[1]
Hess then filed a complaint seeking confirmation of the original appraisal award. The trial court found in favor of Hess, explaining:
Items such as the deductible and prior payments may be excluded from the amount owed without the Court having to hear extrinsic evidence from the appraisers as to the basis for the award and the reasons for the amounts awarded. The same is not true for deductions based upon special limits of liability. In those cases, the Court would, by necessity, be required to hear testimony from the members of the appraisal panel (and perhaps others who participated in the appraisal process) as to the basis for the award to make these deductions. The Court agrees with Plaintiff that this sort of inquiry behind the appraisal award is not contemplated by the policy, nor permitted by Florida law.

Analysis

First Protective challenges the trial court’s order affirming the appraisal award. Specifically, it raises two questions: (1) whether relevant language in State Farm Fire & Cas. Co. v. Licea, 685 So.2d 1285, 1288 (Fla.1996) is binding law or dicta; and (2) whether the trial court is permitted to look beyond the face of the appraisal award to apply policy limitations. We review these issues de novo. See Fla. Ins. Guar. Ass’n v. Olympus Ass’n, Inc., 34 So.3d 791, 794 (Fla. 4th DCA 2010).

(I) Licea is not binding on the outcome of this case.

In Licea, the Florida Supreme Court held that an appraisal provision was not void for lack of mutuality where the policy contained a retained rights clause. 685 So.2d 1285, 1286. In reaching this conclusion, the Court made the following relevant comments:
Thus, where there is a demand for an appraisal under the policy, the only “defenses” which remain for the insurer to assert are that there is no coverage under the policy for the loss as a whole or that there has been a violation of the usual policy conditions such as fraud, lack of notice, and failure to cooperate. We interpret the appraisal clause to require an assessment of the amount of a loss. This necessarily includes determinations as to the cost of repair or replacement and whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes.
For the reasons discussed, we hold that the appraisal clause at issue is not void for lack of mutuality of obligation simply because of a retained rights clause, where we interpret the clause as retaining only the right to dispute the issues of coverage as to the whole loss, or whether the policy conditions have been violated as specified above.
685 So.2d at 1288.
The Florida Supreme Court has cited approvingly to Licea. See Harco Nat. Ins. *485 Co. v. Robles, 685 So.2d 1288 (Fla.1996) (holding an appraisal clause was not void for lack of mutuality due to a retained rights clause based on the holding in Licea). See Johnson v. Nationwide Mut. Inc. Co., 828 So.2d 1021, 1022 (Fla.2002) (holding that causation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question is for the appraisal panel when an insurer admits a covered loss, but the amount is disputed). Nevertheless, these cases do not involve instances where the insurer attempted to challenge only an element of the appraisal award and, therefore, do not determine the scope of coverage an insurer may contest after the parties submit to appraisal; Rosemurgy v. State Farm Fire and Cas. Co., 685 So.2d 1289 (Fla.1996).
We find the relevant language in Licea is dicta and, therefore, not binding under the facts in this case.

(2) A trial court is not permitted to consider extrinsic evidence in applying policy limitations to an appraisal award.

The appraisal award on its face reflects that no reductions were made for the policy limitations, the deductible or prior payments. While the trial court was able to apply the deductible and prior payments based on the face of the policy, it refused to reduce the award by applying the policy limitations for personal property. It explained that, in order to do so, it would have to hear extrinsic evidence from the individual appraisers, and such is not contemplated by the policy nor permitted by Florida law. After the parties have gone through the appraisal process, the trial court may not consider evidence beyond the face of the appraisal award. First Protective argues that an evidentiary hearing in this case would be very easy, so therefore it should be allowed. First Protective agreed to the judge adopting the figures Hess used in the contents list.
“Appraisal clauses are preferred, as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits.” Fla. Ins. Guar. Ass’n, Inc. v. Olympus Ass’n, Inc., 34 So.3d 791, 794 (Fla. 4th DCA 2010); see also First Floridian Auto & Home Ins. Co. v. Myrick, 969 So.2d 1121, 1125 (Fla. 2d DCA 2007). While issues concerning coverage challenges are exclusively for the courts, where an insurer admits there is a covered loss and there is a disagreement regarding the amount of the loss, the appraisers are charged with determining the loss. See Citizens Prop. Ins. Carp. v. Mango Hill Condominium Ass’n 12, Inc., 54 So.3d 578 (Fla. 3d DCA 2011). Here, First Protective asserts that certain categories of items were only partially covered under the policy.
Had the court attempted, as requested by First Protective, to apply the limitations using the values set out in Hess’ contents list, it would have been determining value of the loss for each category without direct guidance from the appraisal panel. This is prohibited as the appraisers are charged with determining the value of the lost property. The trial court cannot hold a hearing and consider extrinsic evidence to discern the value of each individual item to which the limitations could be applied.
Consequently, given the nature of the appraisal process, analogous arbitration law, and First Protective’s failure to request clarification of the award, the trial court is prohibited from holding a hearing to determine the basis of the appraisal award.

*486
Conclusion

For the forgoing reasons, we find (1) the applicable language in Licea is not applicable to this case; and (2) a trial court may not look beyond the face of an appraisal award and consider extrinsic evidence to determine the basis for the award. Accordingly, we AFFIRM the ruling below.
AFFIRMED.
HAWKES and ROWE, JJ„ concur.
BENTON, C.J., Concurs in Judgment.

. In this appeal, only the policy limitations for personal property, not the deductable or prior payments, are at issue.