# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2632
_____

MKL ENTERPRISES LLC, d/b/a
DRIMAXX,

    Appellant,

    v.

AMERICAN TRADITIONS
INSURANCE COMPANY,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Tatiana Salvador, Judge.

March 7, 2019

M.K. THOMAS, J.

MKL Enterprises LLC ("DriMaxx") appeals an order granting American Traditions Insurance Company's ("ATIC") motion to compel appraisal and abate litigation. DriMaxx argues the trial court erred by compelling appraisal prior to making a determination of whether an enforceable agreement exists and if ATIC is "wholly denying" coverage under the homeowner's insurance policy. For the reasons set forth below, we affirm.

The standard of review applicable to an order compelling appraisal under an insurance policy is *de novo. Fortune v. Gulf Coast Tree Care Inc.,* 148 So. 3d 827, 828 (Fla. 1st DCA 2014); *Citizens Prop. Ins. Corp. v. Ashe,* 50 So. 3d 645, 650 (Fla. 1st DCA 2010).

Generally, "'[a]ppraisal clauses are preferred, as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits.'" *First Protective Ins. Co. v. Hess*, 81 So. 3d 482, 485 (Fla. 1st DCA 2011) (quoting *Fla. Ins. Guar. Ass'n, Inc. v. Olympus Ass'n, Inc.*, 34 So. 3d 791, 794 (Fla. 4th DCA 2010)). Appraisals are appropriate where an insurance company "admits that there *is* a covered loss, but there is a disagreement on the *amount* of loss." *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1025 (Fla. 2002) (emphasis in original). By tendering the check, ATIC admitted coverage for some damage while declining to cover all repair costs. Thus, ATIC did not "wholly deny" coverage. *See People's Trust Ins. Co. v. Tracey*, 251 So. 3d 931, 933 (Fla. 4th DCA 2018).

Here, ATIC, the insurer, tendered a check for its estimation of covered damage. In so doing, ATIC thereby "waives any coverage defense it might otherwise have had." *Scottsdale*, 666 So. 2d at 947. Furthermore, in choosing appraisal as the appropriate resolution forum, ATIC "admits that there is a covered loss." *Johnson*, 828 So. 2d at 1025.

The order of the trial court compelling appraisal is AFFIRMED.

B.L. THOMAS, C.J. and, JAY, J. concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Corinne L. Heller, Jacksonville, for Appellant.

Thomas R. Diana and William R. Burke of Zinober Diana, P.A., St. Petersburg; Dorothy V. DiFiore and Karen Shimonsky of Quintairos, Prieto, Wood & Boyer, P.A., Tampa, for Appellee.